[No. 4016. Decided November 29, 1901.]

*In the Matter of the Application of* ESTHER M. GRANT *for a Writ of Habeas Corpus for the Body of* GILBERT A. GRANT, *an Infant Child.*

HABEAS CORPUS — CUSTODY OF COURT — WHEN ARISES.

Under the rule of law that upon the return to a writ of habeas corpus the original restraint is considered as suspended while the proceedings under the writ are pending, and the prisoner is entirely under the authority and direction of the court issuing

the writ, a prisoner who is left in his original custody without further order of the court, pending its investigations, is so detained not under the authority of his original restraint, but under the authority of the writ, and is consequently for the time being in the custody of the court.

SAME — CONTEMPT — REMOVING PERSON FROM CUSTODY OF COURT.

Where a father, pending habeas corpus proceedings by the mother to obtain possession of their child from the custodian with whom it had been placed by the father, takes such child away from the person whom he had constituted custodian and who had been permitted by the court to retain custody pending the habeas corpus proceedings, the father is guilty of technical contempt, when he knew, or was aware of enough to have put him on inquiry, that the possession originally authorized by him had shifted from an individual custody to the custody of the court.

*Original Application for Habeas Corpus.*

*Vance & Mitchell,* for petitioner.

*Troy & Falknor,* for respondents.

The opinion of the court was delivered by

MOUNT, J.—On September 5, 1901, Esther M. Grant filed in this court her original application for a writ of habeas corpus, alleging, *inter alia,* that she was the mother of Gilbert A. Grant, an infant child, which was unlawfully restrained of its liberty by Thomas R. Prather and wife, and praying for the custody of said child. Thereupon this court made an order "that a writ of habeas corpus issue commanding the said Thomas R. Prather to produce the body of the infant child described in the petition before this court, on the 9th day of September, 1901, at 2 o'clock p. m. on said date, to show cause, if any he have, why said child should not be taken from his custody and disposed of as the court may order." In obedience to said order, Thomas R. Prather produced the body of said child in court on said day, and filed his

answer to said petition, in which answer it was alleged that said child was the minor child of Owen M. Grant and Esther M. Grant, petitioner; that the said Esther M. Grant had been, and still was, insane and unfit to have possession of said child; that Owen M. Grant at said time was in Alaska, N. W. T., and that prior to his departure he had left the said child with said Thomas R. Prather and wife, to be cared for by them. Upon issue being joined as to the sanity of said Esther M. Grant, this court made the following order:

"It is ordered that the said cause and all proceedings therein and the record thereof be delivered and returned to the judge of the superior court of Thurston county, and such testimony as may be produced by the parties taken before him, and that such testimony together with the findings of fact thereon, of said superior judge, be returned to the clerk of this court."

No order was made as to the custody of said child pending the hearing, but said child was left in the custody of said Thomas R. Prather and wife. The evidence was taken by the superior court, and findings made thereon, and thereafter, but before the same was filed in this court, Owen M. Grant, the father of said child, returned to the state of Washington, and on the 15th day of October filed a petition in this court asking leave to intervene in said habeas corpus proceedings. This petition was denied. He thereupon took possession of said child from Thomas R. Prather, whereupon Esther M. Grant filed an affidavit in this court charging that the said Owen M. Grant, well knowing that the said infant child was in possession of said Thomas R. Prather as the custodian of this court during the pendency of relator's application for a writ of habeas corpus, in contempt of this court did take the said child from the possession of said Thomas R. Prather,

and refused to return the same. A citation was thereupon issued directing the said Owen M. Grant to appear before this court to show cause why he should not be punished for contempt. He thereupon appeared, and filed his answer, in substance, that he was the father of the child; that he was and is the husband of the said Esther M. Grant; that no divorce had been sought by either party; that upon March 15, 1901, he left said child with Thomas R. Prather and wife to be cared for by them, for hire, during his absence from the state of Washington; that upon his return from Alaska he found said child in the possession of said Thomas R. Prather and wife, where he left it, and was not aware of any order of this court making said Prather and wife custodians of the child for the court, or aware that such was the fact. He alleged that he was aware of the efforts of his wife to obtain the possession of said child from said Prather and wife; that they had refused possession to her; and that, relying upon his rights as father of said child, and that he was not a party to said proceedings, or permitted to become such, and that any proceedings therein could not affect him, he took said child, and for no other reason; that he did not and does not believe he acted in contempt of any order of this court; that he did not and does not intend to take said child out of the jurisdiction of this court, or disobey any order of the court, but that he would respond to any order thereof; that he was able, ready, and willing to take and care for both the said child and his said wife. This answer was, by counsel for relator, confessed at the hearing, and the cause was submitted upon said answer.

This proceeding turns upon the question whether or not the child was *in custodia legis* or in the custody of Prather under his contract with the father, unaffected by

said habeas corpus proceedings, in so far as respondent is concerned. There is no statute in this state upon this subject. The rule at common law is that upon the return to a writ of habeas corpus the original restraint is considered to be suspended while the proceedings under it are pending, and the safe keeping of the prisoner is entirely under the authority and direction of the court issuing the writ, or to which the return is made, and the prisoner is detained, not under the authority of the original restraint, but solely under the authority of the writ of habeas corpus. Church, on Habeas Corpus, §§ 175, 176; 15 Am. & Eng. Enc. Law (2d ed.), p. 213.

This being true, when the court made no change in the custody of said child, but left the same with the said Prather, this custody was the custody of the law. No order was required to give legal effect to this custody under the writ. Respondent states that he was not aware of any order making said Prather the custodian of said child, but that he was aware of the effort in this court by Esther M. Grant to obtain possession of said child from Thomas R. Prather; that he had attempted to intervene in such proceedings and had been refused. We think this is sufficient to show that he must have known, or, at his peril, should have enquired whether, under these circumstances, the possession of Prather was the possession of the court or the individual possession of Prather. We conclude, therefore, that, even if the answer is true in fact, respondent is technically guilty of contempt; but, since he has disavowed any intentional disobedience of the order of the court, and made no effort to take the child from the jurisdiction thereof, he will be discharged upon paying a fine of one dollar and the costs incurred by the officer in taking, keeping, and returning said child to the possession of said Thomas R. Prather.

REAVIS, C. J., and ANDERS, DUNBAR, WHITE and HAD-
LEY, JJ., concur.