## ZERBST, Warden, v. McPIKE.

### No. 8634.

Circuit Court of Appeals, Fifth Circuit.

June 16, 1938.

Lawrence S. Camp, U. S. Atty., and Harvey H. Tisinger, H. T. Nichols, and J. Ellis Mundy, Asst. U. S. Attys., all of Atlanta, Ga., for appellant.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

Will McPike by habeas corpus challenged the legality of his imprisonment in the federal penitentiary at Atlanta, on the ground that the sentence of three years imposed on him Nov. 7, 1933, in the District Court for the Western District of

Louisiana had expired. He obtained a judgment of discharge and the warden of the penitentiary appeals.

The undisputed evidence is that Mc-Pike was arrested by the State of Louisiana and was in the parish jail awaiting trial. On Nov. 6, 1933, he was indicted in the federal court for fraudulently impersonating a United States officer. On Nov. 7th the State officers brought McPike into the federal court and suffered him to be tried. He pleaded guilty and was sentenced to serve in the penitentiary for three years, no time being fixed for the commencement of the sentence. He was then taken by the State officers back to jail. On Nov. 13th he was tried and convicted for a State offense and sentenced to the State penitentiary for three to five years. The commitment which the clerk of the federal court issued on Nov. 7th was not executed but was returned Nov. 24th with an entry that McPike was confined as a prisoner in the Louisiana penitentiary as a State prisoner. After serving the State sentence he was taken on an alias commitment to the federal penitentiary Aug. 2, 1936. The deputy marshal testifies that McPike was maintained in the jail as a State prisoner before and after his trial in federal court, and was never maintained there as a federal prisoner and the District Attorney who handled the case testifies that the State never yielded jurisdiction over him to the federal government, except to try him.

 Under the inviolable rules of comity, which are reciprocal, the State having first arrested and imprisoned McPike could not without its consent be deprived of his custody until through with him. Ableman v. Booth, 21 How. 506, 16 L.Ed. 169; Covell v. Heyman, 111 U.S. 176, 4 S.Ct. 355, 28 L.Ed. 390. But the State could "lend" the prisoner to the federal government in order to afford him a speedy trial and to convenience the witnesses who might be necessary to be assembled for or against him. This can be done without a complete surrender of the prior jurisdiction over him which the State had acquired. This we think is fairly decided in the case of Ponzi v. Fessenden, 258 U.S. 254, 42 S. Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879. There the prisoner was serving a federal sentence and was taken on habeas corpus to the State court to be tried for a State offense, the federal officer accompanying him and maintaining federal custody. Ponzi was evidently to be returned to his federal service after the trial. It was held that the procedure was lawful. The fact that Ponzi was originally in federal rather than State custody does not alter the principle, nor does the fact that he had been already convicted when "loaned" to the State distinguish that case from this. The prior right acquired by first arrest continues unchanged until the arresting government has completed the exercise of its powers, and a waiver extends no further than it is intended to extend. Without the consent of the State authorities the United States Marshal could not lawfully take the person of McPike from the State officers, although McPike had been brought into the federal court and tried; and he did not attempt to. When McPike was taken back to jail he entered it not to await transportation to the federal penitentiary but to await trial in the State court. The proviso of 18 U.S. C.A. § 709a therefore does not apply. His federal sentence could begin to run only from "the date on which [he] is received at the penitentiary, reformatory or jail for service of said sentence", by the express provision of that law. It has not yet been fully served. The judgment is reversed with direction to remand the prisoner to the custody of the warden.

Judgment reversed.