### ROHR v. HUDSPETH, Warden.
### No. 1868.

Circuit Court of Appeals, Tenth Circuit.
July 17, 1939.

748

Armond J. Rohr, pro se.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

LEWIS, Circuit Judge.

This is an appeal from an order denying a petition 'for a writ of habeas corpus. Petitioner was indicted in the United States District Court for the Eastern District of Illinois on July 8, 1935. Said indictment charged violation of 18 U.S.C.A.

§ 409—stealing eight boxes of dresses which constituted a part of an interstate shipment of freight from a certain truck on April 30, 1935.

On August 21, 1935, petitioner was arrested and confined in the county jail of St. Clair County, Illinois, at Belleville, Illinois, for an alleged violation on August 19, 1935, of the state law, and at the September term, 1935, of the city court of East St. Louis, Illinois, he was indicted.

On September 11, 1935, a writ of habeas corpus ad prosequendum was issued out of the office of the clerk of the United States District Court for the Eastern District of Illinois upon the order of Hon. Walter C. Lindley, one of the judges of said court, commanding the United States Marshal to have petitioner before the court at East St. Louis, Illinois, on September 14, 1935, at 9:30 a. m., to be arraigned upon the indictment above referred to; and commanding the Marshal to return petitioner to the county jail of St. Clair County, Belleville, Illinois, after arraignment.

On September 14, 1935, the Marshal produced petitioner before said United States District Court pursuant to said writ of habeas corpus ad prosequendum and returned him to said county jail on the same day.

Upon arraignment in said United States District Court for the Eastern District of Illinois on September 14, 1935, before Honorable Fred L. Wham, one of the judges of said court, petitioner pleaded guilty and was sentenced as follows: "Five years imprisonment from this date in the United States Penitentiary at Leavenworth, Kansas." No mention was made by the district attorney or the judge at the time petitioner was sentenced that he was only under the temporary control of the Marshal under the writ of habeas corpus ad prosequendum.

On October 21, 1935, petitioner was tried on the state charge in the city court of East St. Louis, Illinois, and the jury being unable to agree, a mistrial was declared. At a later date the state case against petitioner was removed from the docket with leave to reinstate.

On January 16, 1936, petitioner was turned over to the United States Marshal for the Eastern District of Illinois by the state authorities, and he was delivered to the Warden of the United States Penitentiary at Leavenworth, Kansas, February

18, 1936, pursuant to commitment under the above sentence.

Did petitioner begin service of the five-year sentence September 14, 1935, when it was pronounced, as he contends, or on January 16, 1936, when the state surrendered him to the United States Marshal?

■■■ That the state of Illinois could waive its right to exclusive custody of petitioner in order that the United States might try him, and that the federal court had jurisdiction to try and sentence him is settled. Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879; Zerbst v. McPike, 5 Cir., 97 F.2d 253.

As to the time when sentence begins to run 18 U.S.C.A. § 709a provides:

"The sentence of imprisonment of any person convicted of a crime in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence: Provided, That if any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, the sentence of such person shall commence to run from the date on which he is received at such jail or other place of detention. No sentence shall prescribe any other method of computing the term." Act June 29, 1932, c. 310, § 1, 47 Stat. 381.

Of this statute our court in Demarois v. Hudspeth, 10 Cir., 99 F.2d 274, 275, said its plain purpose was to give credit for time spent in local confinement awaiting transportation to the penitentiary for service of the sentence, and that a prisoner who chose to remain in a local jail pending an appeal of his case was not entitled to have such time applied on his sentence.

In Zerbst v. McPike, 5 Cir., 97 F.2d 253, Louisiana officers delivered McPike to the United States District Court for the Western District of Louisiana for trial on a federal charge. He pleaded guilty and a sentence of three years, with no time fixed for commencement, was imposed. The state officers returned him to jail and he was convicted by the state court and sentenced to three to five years in the state penitentiary. Upon discharge from the state penitentiary McPike was committed to the federal penitentiary. Upon petition for writ of habeas corpus McPike obtained a judgment of discharge, which was reversed on appeal. The court held that McPike's federal court sentence had not expired upon his release from the state penitentiary, because under the statute his federal sentence could begin to run only from the date on which he was received at the federal penitentiary. When he was returned to the jail by the state officers it was to await trial in the state court and not to await transportation to the federal penitentiary.

In United States ex rel. Brown v. Hill, 3 Cir., 74 F.2d 822, 823, the prisoner sought to effect his release under the above statute. On December 8, 1932, a five-year sentence was imposed to commence October 15, 1932, evidently the date of the prisoner's arrest. The prisoner commenced the service of that sentence promptly. At the next term on February 14, 1933, the above statute having been called to his attention the judge amended the five-year sentence to one of four years 310 days. The prisoner contended that the first sentence was wholly invalid because it stated a commencement date other than as provided by the statute, and that the amendment was a new sentence imposed after the term in the prisoner's absence, hence was invalid. In affirming an order dismissing the petition for writ of habeas corpus the court had this to say:

"We are constrained to hold that the commitment under the sentence of December 8, 1932, was valid, and therefore the relator is in lawful custody. The court had jurisdiction of the case and of the prisoner and jurisdiction to impose the five-year term of imprisonment which was within the punishment prescribed by the statute under which the prisoner was tried, convicted, and committed. It follows the sentence of imprisonment for five years was lawful. The court's direction that it should begin on October 15, 1932, did not make inoperative the provision of the statute which says it should begin when the prisoner is received in the penitentiary. In other words, the court fixed the term; the law named the time of its commencement. We are therefore of opinion that the effort of the trial court (inadvertently made in behalf of the prisoner) to fix the commencement of the term at a date earlier than that provided by the statute was error and in consequence invalid; yet it affected the validity of the sentence only to that extent, leaving the rest of the sentence as though the court had said

nothing about the commencement of the term. This vulnerable part of the sentence in no way vitiated the remainder of the sentence; hence it did not operate as a restraint of the relator's liberty. He is restrained of his liberty by force of the valid five-year sentence. The invalid limitation upon the sentence made by the early date for its commencement was nothing more than an attempt to shorten the duration of the valid restraint of his liberty under the five-year sentence."

■ Petitioner's sentence did not commence to run prior to January 16, 1936, the date he was given over to the United States Marshal by the state authorities. Thereafter he was detained awaiting transportation to the federal penitentiary. The last sentence of the statute says: "No sentence shall prescribe any other method of computing the term." There is no reason why Congress can not pass such a law. In the face of the statute fixing the commencement of the term of sentence the words "from this date" are inoperative.

A different situation might be presented if the Marshall had had exclusive custody of petitioner on the date of sentence, had failed to carry out the judgment and orders of the federal court, and had surrendered him to the state authorities. See Smith v. Swope, 9 Cir., 91 F.2d 260.

The order denying the petition for the writ of habeas corpus is affirmed.