**WALL v. HUDSPETH, Warden.**
No. 1949.

Circuit Court of Appeals, Tenth Circuit.
Jan. 6, 1940.

Joseph G. Hodges, of Denver, Colo., for appellant.

Homer Davis, Asst. U. S. Atty., of Topeka, Kan., (Summerfield S. Alexander, U. S. Atty., of Topeka, Kan., on the brief), for. appellee.

Before PHILLIPS, BRATTON and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

This is an appeal from an order denying a petition for a writ of habeas corpus. Clarence Wall, hereinafter called the petitioner, was indicted in the United States Court for Western Louisiana. The indictment contained three counts. The first charged breaking into a post office with the intent to commit larceny of money and other valuables; the second charged theft of postage stamps from such post office; and the third charged theft of money therefrom. Petitioner requested that a trial be had on the charges contained in the indictment, and he was brought to the seat of the court for that purpose. Represented by counsel, he entered a plea of guilty and was sentenced on the first count to serve a term of three years in the penitentiary, to commence at the expiration of a sentence of from fourteen to twenty-eight years in the penitentiary of the State of Louisiana which he was then serving. Imposition of sentence on the remaining counts was suspended for a period of five years. About nine months later a commitment issued on such judgment and sentence; petitioner was delivered to respondent, as warden of the penitentiary at Leavenworth, under such process; and he is being detained under it.

■ It was alleged in the petition for the writ that due to not being properly advised petitioner entered a plea of guilty to a charge of possession of stolen property—a charge not contained in the indictment. Ordinarily the only questions which may be reviewed in a proceeding in habeas corpus to obtain release from incarceration after conviction for crime are whether the court which imposed the sentence had jurisdiction of the offense and of the person accused, and whether the sentence imposed was one authorized by law. Zahn v. Hudspeth, 10 Cir., 102 F.2d 759, certiorari denied, 307 U.S. 642, 59 S.Ct. 1045, 83 L.Ed. 1522. Furthermore, the record affirmatively discloses that the plea of guilty was to the charges contained in the indictment. The record is conclusive and not open to collateral impeachment in a proceeding of this kind. Riddle v. Dyche, 262 U.S. 333, 43 S.Ct. 555, 67 L.Ed. 1009.

■ It was further alleged that the sentence was void for the reason that the three counts in the indictment charged a single offense for which only one punishment could be imposed. Petitioner was sentenced only on the first count, and he is being detained solely and exclusively under that sentence. It was within the limits of the statute which had been violated, and its service has not been completed. No sentence has been imposed on either of the other two counts. The purpose of a proceeding in habeas corpus is to determine whether the petitioner is being unlawfully detained. A prisoner has no right to the writ unless he is entitled to immediate release. It is wholly unnecessary to determine at this time whether the several counts charged a single offense or separate and distinct offenses as in neither event is petitioner entitled to immediate release. McNally v. Hill, Warden, 293 U.S. 131, 55 S. Ct. 24, 79 L.Ed. 238; Reger v. Hudspeth, 10 Cir., 103 F.2d 825.

■■ Petitioner contends that the United States Court was without jurisdiction to impose sentence upon him while he was serving the term in the penitentiary of the state, and that for such reason the sentence is void. When the court of one sovereign takes a person into its custody on a criminal charge he remains in the jurisdiction of that sovereign until it has been exhausted, to the exclusion of the courts of the other sovereign. That rule rests upon principles of comity, and it exists between federal and state courts. Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879; Grant v. Guernsey, 10 Cir., 63 F.2d 163, certiorari denied 289 U.S. 744, 53 S.Ct. 688, 77 L.Ed. 1491. But either the federal or a state government may voluntarily surrender its prisoner to the other without the consent of the prisoner, and in such circumstances the question of jurisdiction and custody is purely one of comity between the two sovereigns, not a personal right of the prisoner which he can assert in a proceeding of this kind. Ponzi v. Fessenden, supra; In re Andrews, D.C., 236 F. 300.

■ The record is silent in respect to the manner in which petitioner passed from

the custody of the state into that of the federal government. Petitioner invokes the rule that once a condition is established it is presumed to continue until the contrary is shown. He argues that since at the time the sentence here in question was passed upon him he was serving a long sentence in the state penitentiary, it must be presumed that he was still serving that sentence when the commitment issued out of the United States Court and he was taken into custody under it. But that general presumption must yield to another which has specific and controlling application here. Public officials are presumed to do their duty, not to act in an unauthorized manner. It must be presumed that the federal officers secured custody of petitioner in a lawful manner, not that they took him by force or otherwise violated the rights of the state in respect to its custody of him. It must be presumed that the state voluntarily surrendered him in some manner. If so, the question of his custody is one of comity between the two governments, and petitioner has no voice in it.

The remaining contention is that the sentence in question is void for the reason that by its terms it was to begin at the expiration of the sentence being served in the penitentiary of the state. A sentence must be reasonably definite, certain and consistent in all its provisions. Biddle v. Hall, 8 Cir., 15 F.2d 840. It should disclose on its face with fair certainty the intent of the court, but the elimination of every conceivable doubt is not requisite to its validity. United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309. Ordinarily a provision in a sentence that it is to begin at the expiration of a prior sentence then being served is not enough within itself to render the sentence void for indefiniteness or uncertainty. Ponzi v. Fessenden, supra; Carroll v. Zerbst, 10 Cir., 76 F.2d 961; McNealy v. Johnston, 9 Cir., 100 F.2d 280. But it is urged that the sentence being served in the state penitentiary was from fourteen to twenty-eight years, that the state of Louisiana has an indeterminate sentence law, Code Cr.Proc.La. art. 529, and that therefore the exact time such sentence would terminate was indefinite and uncertain. The sentence in question here expressly provided in clear language that it should begin at the expiration of the one then being served which plainly meant that petitioner should commence serving it immediately at the expiration of the prior sentence, whether it expired by completion of the full term or by earlier termination in any other manner. Such a provision is not objectionably uncertain and indefinite.

The order is affirmed.