**VANOVER v. COX, Warden.**

No. 12526.

Circuit Court of Appeals, Eighth Circuit.

June 24, 1943.

John S. Farrington, of Springfield, Mo., for appellant.

Otto Schmid, Asst. U. S. Atty., of Kansas City, Mo. (Maurice M. Milligan, U. S. Atty., of Kansas City, Mo., on the brief), for appellee.

Before THOMAS and JOHNSEN, Circuit Judges, and VOGEL, District Judge.

THOMAS, Circuit Judge.

This is an appeal from an order and judgment of the district court discharging a writ of habeas corpus previously issued by the court and remanding the petitioner to the custody of the appellee, O. H. Cox, Warden of the United States Medical Center for Federal Prisoners, Springfield, Missouri.

On October 9, 1937, while serving a four-year sentence for an offense against the state, appellant was removed by the United States Marshal from a prison road camp at Vinton, Virginia, to Pikeville in the Eastern District of Kentucky. He was there tried in the federal court for breaking into a post office in violation of 18 U.S.C.A. § 315. Upon conviction he was sentenced on October 13, 1937, to serve a term of five years in the United States Penitentiary at Atlanta, Georgia. Immediately after sentence was imposed upon him by the federal court in Kentucky he was returned to the prison road camp in Virginia to serve the remainder of the state sentence. After the state sentence expired he was again taken into custody by the United States Marshal on August 22, 1938, and committed on August 24, 1938, to the United States Penitentiary at Atlanta, Georgia. Thereafter the Attorney General directed his transfer to the Medical Center at Springfield, Missouri, where he now is.

The appellant contends that the five-year sentence imposed upon him by the federal court of Kentucky on October 13, 1937, ran concurrently with the sentence he was serving in Virginia; that his term expired on October 12, 1942; and that, therefore, his imprisonment since the latter date is illegal. The appellee contends that the five-year sentence did not begin to run until the appellant was received at the Atlanta penitentiary on August 24, 1938, and that, therefore, the term of his sentence does not end until August 24, 1943.

Title 18 U.S.C.A. § 709a provides: "Time when sentence begins to run. The sentence of imprisonment of any person convicted of a crime in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence: Provided, That if any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, the sentence of such person shall commence to run from the date on which he is received at such jail or other place of detention. No sentence shall prescribe any other method of computing the term. (June 29, 1932, c. 310 § 1, 47 Stat. 381.)"

The theory of appellant's petition in the district court is that the Virginia prison road camp to which he was returned by the United States Marshal after sentence was imposed upon him on October 13, 1937, by the federal court in Kentucky was a "place of detention" only, to which he was "committed to await transportation to" the Atlanta penitentiary, within the meaning of the statute; and that, therefore, his federal sentence commenced to run from the date of its imposition. The theory is contrary to the facts recited in the petition. There it is alleged that immediately after the federal sentence was imposed in Kentucky appellant "was returned to the prison road camp located at Vinton, Virginia, to serve out the remainder of his four (4) year sentence" * * * not that he was to be detained there to await transportation to Atlanta.

The theory and contention of appellant are based upon an unsound premise, that is, that he could not be tried in a federal court for violation of a federal law while he was serving a sentence in a state prison imposed by a state court for violation of a state law. His claim is that he should not have been tried in the federal court until after the expiration of his sentence in the state court, but that having been wrongfully removed from the state authorities and tried in the federal court the two sentences would run concurrently thereafter. The error of such a proposition is settled by the Supreme Court in the case of Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879. In that case Ponzi was serving a sentence imposed by the federal court when, with the consent of the Attorney General, he was taken into a state court for trial. He objected to the jurisdiction of the state court, and the Supreme Court held that there is a "reciprocal comity" existing between the state and federal governments, the exercise of which in no way prejudices the rights of a prisoner of either sovereignty, and that either government may consent to the trial of one of its prisoners in the courts of the other government without creating any difficulty in respect to the execution of the second sentence. The principles of the Ponzi case have been followed by the federal courts in numerous decisions. Lunsford v. Hudspeth, 10 Cir., 126 F.2d 653; Banks v. O'Grady, 8 Cir., 113 F.2d 926; Rohr v. Hudspeth, 10 Cir., 105 F.2d 747; Zerbst v. McPike, 5 Cir., 97 F.2d 253. A person who has violated the criminal statutes of both the federal and a state government may not complain of the order in which he is tried or pun-

ished for such offenses. The interested sovereigns may arrange the order of trial and punishment according to their convenience. United. States ex rel. Demarois v. Farrell, 8 Cir., 87 F.2d 957, 962.

The record here does not show how the appellant on October 9, 1937, passed from the custody of the officers of the state of Virginia to that of the United States Marshal of Kentucky. The consent of the Virginia authorities is not expressly shown. It does appear, however, that after the trial in Kentucky he was returned to the custody of the Virginia officers to serve the remainder of his four-year sentence. In the absence of proof to the contrary, the court will presume that the Marshal secured custody of the appellant in a lawful manner; that he did not take him from the state officers by force; that he did not violate in any way the rights of the state of Virginia; and that the state officers voluntarily surrendered him to the Marshal for trial in Kentucky. 22 C.J.S., Criminal Law, § 589 et seq., page 903; Wall v. Hudspeth, 10 Cir., 108 F.2d 865, 867.

It is clear that appellant's detention under the sentence and commitment of the federal court did not commence prior to August 22, 1938, and that he was not received at the penitentiary for service of the sentence until August 24, 1938. His five-year sentence can not, therefore, under the statute supra, expire before August 21, 1943. It follows that his imprisonment is not illegal. Therefore, the judgment appealed from must be, and it is, affirmed.