## POVICH v. SANFORD, Warden.

### No. 11678.

Circuit Court of Appeals, Fifth Circuit.

Nov. 4, 1946.

Stephen T. Povich, in pro. per.

M. Neil Andrews, U. S. Atty., Harvey H. Tisinger and F. Douglas King, Asst. U. S. Attys., all of Atlanta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

PER CURIAM.

The district judge, after requiring a response to a petition for the writ of habeas corpus, and allowing a supplement to the petition by way of answer to the response, found no material fact in dispute and no merit in the petition and dismissed it. The facts in brief are that while the petitioner, now appellant, was imprisoned in a penitentiary of the United States on sentences imposed by a court of the District of Columbia, he was on proceedings instituted by him turned over to the custody of officers of the State of Virginia to answer to an indictment in a court of that State that he might get rid of that charge which would otherwise be an impediment to a federal parole. On March 4 and 5, 1946, he was tried and apparently convicted in the Virginia court, but was returned to the penitentiary of the United States to complete his federal sentences. Appellant contends that the Virginia indictment was void; and that the release of custody to that State by the United States is not provided for by any statute, and operates as a final release, so that his return to federal custody was a double jeopardy forbidden by the Constitution. By way of answer to the case of Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct.

309, 66 L.Ed. 607, 22 A.L.R. 879, he contends that case admits there is no statute authorizing what was done, and that its conclusion that a temporary surrender of custody of a prisoner by the United States to a State for trial on a State charge, or vice versa, is lawful and may not be objected to by the prisoner, is illogical and wrong.

 The federal courts have no power to pass on the validity of the Virginia indictment since appellant is not imprisoned in anywise by virtue of it.

This court may not question or disregard a decision of the Supreme Court which is in point. We think, however, that Ponzi v. Fessenden was well reasoned and correctly decided. It controls this case. Appellant's present imprisonment under his unexpired federal sentences does not appear to be unlawful.

Judgment affirmed.