UNITED STATES ex rel. PAVLOC v. CHAIRMAN OF BOARD OF PAROLE FOR COMMONWEALTH OF PENNSYLVANIA et al.

No. 150.

United States District Court
W. D. Pennsylvania.

Nov. 5, 1948.

GOURLEY, District Judge.

This proceeding involves application for leave to file in forma pauperis petition for writ of habeas corpus, and the issuance of a rule thereon to show cause why the petitioner should not be discharged from the custody of the law.

In passing upon the question, the Court has considered the allegations in the petition and has taken judicial knowledge of the records in this Court, the Court of Quarter Sessions of Allegheny County, Pennsylvania, and the records of the Pennsylvania Parole Board.

In the Court of Quarter Sessions of Allegheny County, Pennsylvania, defendant appeared on March 11, 1936 and received the following sentences:

(a) No. 41 March Term, 1936, feloniously breaking and entry. Sentence—to serve a term of not less than two and not more than five years in the Western State Penitentiary.

(b) No. 78 March Term, 1936, feloniously breaking and entry. Sentence—to serve not less than three and not more than six years in the Western State Penitentiary. Said sentence to commence at the expiration of the sentence imposed during March Term, 1936.

Defendant was held over six months beyond the maximum of the first sentence and was paroled on the second sentence October 11, 1941. Had he completed his parole successfully, his maximum would have expired September 11, 1944. Upon release he went to reside in New Kensington, Pennsylvania. In February, 1942 he left his residence without permission to go to Bradford, Pennsylvania, but returned. However, he failed to report to the Pittsburgh office after May, 1942. Attempts to locate him failed and in October of 1942 he was declared delinquent as of May, 1942. Under date of February 4, 1943 notice was received from the Western State Penitentiary that defendant had been arrested by the United States Marshal in Pittsburgh on January 30, 1943 as Joseph Lucian Soblak,

charged with transportation of stolen automobile interstate, and violation of the Selective Service Act, 50 U.S.C.A.:Appendix, § 301 et seq. On February 5, 1943 the Board of Parole of the Commonwealth of Pennsylvania issued an order of arrest for the defendant and he was lodged in the Allegheny County Jail.

On March 8, 1943 defendant appeared before the United States District Court for the Western District of Pennsylvania, and the following sentences were imposed:

(a) Criminal Docket No. 11283, violation of Selective Service Act. Sentence—defendant to be committed into the custody of the Attorney General and placed in a federal penitentiary for five years.

(b) Criminal Docket No. 11282, violation of National Motor Vehicle Theft Act. 18 U.S.C.A. §§ 2311–2313. Sentence—defendant committed into the custody of the Attorney General and placed in a federal penitentiary for five years. Said sentence to run concurrently with that imposed at Criminal Docket No. 11283.

After the sentences were imposed in the United States District Court, the Board of Parole of the Commonwealth of Pennsylvania filed a detainer against the defendant at the United States Penitentiary, Atlanta, Georgia.

Under date of September 28, 1946, the Board of Parole of the Commonwealth of Pennsylvania was advised by the Atlanta Prison authorities that defendant would be released on November 13, 1946. His case was then presented to the Pennsylvania Board of Parole for disposition on October 23, 1946, when the Board ordered his return to the Western State Penitentiary as a convicted violator. On October 30, 1946 the Parole Board was advised that the defendant refused to waive right to extradition hearing. The Parole Board, therefore, prepared extradition papers which were honored by the Governor of Georgia, and he was taken into custody on November 13, 1946, and returned to the Western State Penitentiary the following day. He was interviewed by a member of the Board of Parole of the Commonwealth of Pennsylvania on December 27, 1946, and an order of recommitment was issued under date of January 13, 1947.

The order of recommitment is merely confirmatory of the Board's action to return which was taken October 23, 1946. It is issued primarily for the records of the institution. At the hearing which the parolee was granted with a member of the Board on December 27, 1946, he was advised of the reasons for the return.

The Parole Agreement executed by the petitioner on October 11, 1941, provided, inter alia: "Under the provisions of the Parole Law, the sentence of a prisoner in a penitentiary is commuted by releasing him on parole until the expiration of the maximum limit of his sentence, subject to the following condition: that if any prisoner so released, shall during the period of his parole or while delinquent on said parole, commit any crime punishable by imprisonment for which he is at any time thereafter convicted in any Court of Record and sentenced to any place of confinement other than the penitentiary from which he was released on parole, such prisoner shall in addition to the penalty imposed for such crime committed during the said period and after expiration of the same, be compelled by detainer and remand, as for an escape, to serve in the penitentiary from which he had been released on parole or in any other institution to which he may be legally transferred, the remainder of the term (without commutation) which he would have been compelled to serve but for the commutation authorizing said parole; and also subject to compliance with the other provisions of the Parole Law and the terms, rules and conditions prescribed by the Board of Pardons and upon which the parole was recommended."

■ The purpose of habeas corpus proceeding is to determine whether the petitioner is being unlawfully detained, and prisoner has no right to the writ unless he is entitled to immediate release. Wall v. Hubsbeth, 10 Cir., 108 F.2d 865.

The legislature in the Commonwealth of Pennsylvania has provided, inter alia, that any convict released on parole shall, during the period of his parole, commit any crime punishable by imprisonment for which he is at any time thereafter convicted in any court of record, and sentenced to any place of confinement other than a pen-

itentiary from which he was released on parole, such convict shall, in addition to the penalty imposed for such crime committed during the said period, and after the expiration of the same, be compelled, by detainer and remand as for an escape, to serve in a penitentiary from which said convict had been released on parole, or in any other institution to which he may be legally transferred, the remainder of the term (without commutation) which such convict would have been compelled to serve but for the commutation authorizing said parole. 61 Purdon's Penna.Statutes Annotated, § 305; 61 Purdon's Penna.Statutes Annotated, § 331.21.

The law of the Commonwealth of Pennsylvania also provides, inter alia, that whenever it shall appear that a person who has been sentenced and released on parole by commutation containing a condition that the convict shall be subject to the terms of the Act under which he has been paroled, has violated the terms of his parole, a warrant shall be issued for the arrest of said person, which warrant shall give all field parole agents of the department of justice and officers authorized by law to make arrest full authority to apprehend and detain said convict. 61 Purdon's Penna.Statutes Annotated, § 309; 61 Purdon's Penna.Statutes Annotated, § 331.23.

■ Where a prisoner is released on parole by a state sovereignty, he is theoretically a prisoner of the state but it is for the state sovereignty granting the parole, and not the prisoner, to determine priority of jurisdiction over him in connection with a violation of his parole where he commits an offense under a federal law during his parole. United States ex rel. Demarois v. Farrell, 8 Cir., 87 F.2d 957; United States ex rel. Lombardo v. McDonnell, 7 Cir., 153 F.2d 919; Kirk v. Squier, 9 Cir., 150 F.2d 3; Stamphill v. United States, 10 Cir., 135 F.2d 177; United States v. Robinson, D.C., 74 F.Supp. 427.

■ Where a state sovereignty voluntarily surrenders the custody of its parolee to the federal authorities for trial, conviction, and sentence for a federal offense, and files a detainer at the federal institution where the prisoner is confined for violation of parole, the state sovereignty is entitled to the custody of said prisoner at the expiration of the federal sentence for the purpose of complying with and having executed the terms and provisions of the state sentence which arose from a violation of a prisoner's state parole. Rosenthal v. Hunter, 10 Cir., 164 F.2d 949; Zerbst v. McPike, 5 Cir., 97 F.2d 253; Rawls v. United States, 10 Cir., 166 F.2d 532; Povich v. Sanford, Warden, 5 Cir., 157 F.2d 873.

Under the provisions of the Judicial Code, a court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or enter an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto. 28 U.S.C.A. § 2243.

■ The time that the petitioner was out on parole is not to be regarded as imprisonment, to be credited on his sentence when he is recommitted for commission of a crime while out on such parole. Commonwealth ex rel. O'Leary v. Ashe, 152 Pa.Super. 322, 32 A.2d 36; Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247.

■ The petitioner is not entitled to an order being entered by this Court to show cause why a writ of habeas corpus should not be granted for the following reasons:

(a) The petitioner was a parole violator in May, 1942 in that he had failed to comply with the terms and provisions of the parole to which he agreed when granted the parole by the State Parole Board of the Commonwealth of Pennsylvania.

(b) That the petitioner was a parole violator and a fugitive from justice at the time of his arrest by the federal authorities on January 30, 1943.

(c) That a parole violation detainer was lodged against the petitioner by the Parole Board of the Commonwealth of Pennsylvania in accordance with the provisions of law.

(d) That the Parole Board of the Commonwealth of Pennsylvania agreed to loan or temporarily waive their right to the custody and jurisdiction of the petitioner until disposition of the proceeding pending in the United States Court for the Western

596

District of Pennsylvania, and the execution by the petitioner of the sentence imposed thereon.

(e) That the agreement of the parole authorities of the Commonwealth of Pennsylvania to permit the federal authorities to assume jurisdiction of the prisoner did not amount to a waiver or forfeiture of their rights.

(f) That the parole authorities of the Commonwealth of Pennsylvania could require the prisoner to comply with the terms of his parole and to serve the balance of the sentence required by the law of the Commonwealth of Pennsylvania at the time that the sentence of the petitioner imposed in the United States District Court was performed and executed.

(g) That the petitioner was not denied due process of law or deprived of any rights existing under the Constitution of the United States when taken into custody by the Sheriff of Fulton County, Georgia, and delivered to the custody of the authorities of the Commonwealth of Pennsylvania for execution of his sentence as a parole violator since custody was delivered through extradition proceedings.

The petitioner's application for leave to file in forma pauperis a petition for Writ of Habeas Corpus is allowed, but it is ordered that the petition is hereby dismissed.

MADDEN and HOWELL, Judges dissenting.