## SMITH v. UNITED STATES.
### No. 3944.

United States Court of Appeals
Tenth Circuit.
Oct. 28, 1949.

Edward E. Nevans, Jr., Denver, Colo. (Richard M. Krannawitter and Lewis R. Sutin, Albuquerque, N. M., on the brief), for appellant.

Maurice Sanchez, Assistant United States Attorney, Albuquerque, N. M. (Everett M. Grantham, United States Attorney, Albuquerque, N. M., on the brief), for appellee.

Before BRATTON, and HUXMAN Circuit Judges, and RICE, District Judge.

BRATTON, Circuit Judge.

Appellant was indicted in the United States Court for New Mexico. The indictment contained three counts. Each count charged a separate offense of causing a falsely made and forged security in the form of a check to be transported in interstate commerce. Appellant pleaded guilty to the first count and was sentenced to imprisonment for a term of eighteen months. He later filed in the case a pleading denominated petition for rehearing or new trial. The court denied the petition and an appeal was taken from the order of denial.

■ It is contended that the court erred in denying appellant a fair and impartial arraignment; erred in denying him the effective aid of counsel at the time of arraignment, hearing, and sentence; and erred in denying him his constitutional right to a fair and impartial arraignment and hearing according to established forms of judicial procedure. But the record fails to lend any support to the contention. At the time appellant was brought before the court for arraignment, the court fully explained to him his rights in respect to the assistance of counsel and trial by jury. He was then asked whether he was willing to be arraigned and enter a plea of guilty or not guilty. In response to that question he said that he guessed he would have to do so. The indictment was read, but before any plea was entered thereto the court stated that in view of the answer made by appellant, he would not be then arraigned; that instead an attorney would be appointed to assist him; and that he would be brought before the court later for arraignment and plea. An attorney was appointed to assist him, and he and the attorney later appeared in court together. Appellant stated in response to questions asked by the court that he and his attorney had conferred; that his attorney had fully advised him as to his rights; and that he desired to enter a plea of guilty. After the plea of guilty was entered and prior to the imposition of sentence, the court heard with patience statements made by appellant and his attorney outlining facts thought to have appropriate consideration in determining the punishment.

■ The further contention is that appellant has suffered double punishment for the same offense. About two months prior to entering his plea of guilty to the first count in the indictment in this case, appellant pleaded guilty to an indictment in the United States Court for Nevada. The indictment in that case contained two counts, each charging a separate offense of causing a forged check to be transported in interstate commerce. The sentence in that case was confinement in the penitentiary for two years and a fine of one thousand dollars. It was pleaded in the petition for rehearing or new trial filed in this case that at the time of the imposition of the sentence in Nevada, the court knew of the commission of the offenses later charged in the indictment in this case and took such offenses into consideration in fixing the punishment in that case. The argument is that inasmuch as the court in Nevada in fixing the punishment in that case took into consideration the offenses charged in the indictment in this case, the sentence of eighteen months in the penitentiary imposed upon the first count of the indictment in this case constituted double punishment for the same offense. It is a principle too well established in American jurisprudence to call for elaboration that one convicted in a court of competent jurisdiction and punished cannot thereafter be subjected to a second punishment for the same offense. Ex parte Lange, 18 Wall. 163, 21 L.Ed. 872; United States v. Chouteau, 102 U.S. 603, 26 L.Ed. 246; State ex rel. Francis v. Resweber, 329 U.S. 459, 67 S.Ct. 374, 91 L.Ed. 422; Blackman v. United States, 5 Cir., 250 F. 449; United States v. Noble, 3 Cir., 155 F.2d 315; Rupert v. State, 9 Okl.Cr. 226, 131 P. 713; Ex parte Myers, 12 Okl. Cr. 575, 160 P. 939; State v. Schierhoff, 103 Mo. 47, 15 S.W. 151. But double punishment in the sense that it is forbidden by law means that one cannot be punished the second time for the same identical offense. Here, the offenses charged in the indictment in New Mexico were separate and distinct from those charged in the indictment in Nevada. They were offenses of the same character. But they were entirely different offenses wholly unrelated to each other. And since they were separate offenses without relation to each other, there is no basis for the contention that the sentence imposed in this case constituted double punishment for the same offense.

■■ The remaining contention is that the sentence imposed upon the first count in the indictment in this case is void because it provides that it is to begin on completion of a sentence being served in the federal penitentiary at McNeill Island, Washington. At the time the sentence in this case was imposed, appellant was confined in the penitentiary at McNeill Island, serving the

sentence imposed upon him by the court in Nevada; and the sentence in this case provided that it should commence on completion of the sentence then being served at McNeill Island. Appellant was later transferred to the penitentiary at Leavenworth, Kansas. It is argued that the prison officials will not be able to determine how to execute the sentence imposed in this case. But we are unable to share that view. The sentence in a criminal case should be reasonably definite, certain, and consistent in its several provisions. It should disclose on its face with fair certainty the intent of the court. But the elimination of every conceivable doubt is not essential to its validity. United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309. And a provision in a sentence that it shall begin at the expiration of a prior sentence then being served is not enough to render the sentence void for indefiniteness or uncertainty. Wall v. Hudspeth, 10 Cir., 108 F.2d 865.

The order denying the petition for rehearing or new trial is affirmed.