## HILL v. UNITED STATES.

### No. 4132.

United States Court of Appeals
Tenth Circuit.

Jan. 2, 1951.

Judd L. Black, Oklahoma City, Okl., for appellant.

Leonard L. Ralston, Oklahoma City, Okl. (Robert E. Shelton, U. S. Atty., Oklahoma City, Okl., on the brief), for appellee.

Before HUXMAN, MURRAH, and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal by Joseph Grant Hill from an order of the United States District Court for the Western District of Oklahoma overruling his motion attacking the judgment and sentence entered in this case.

The admitted facts are these: On January 6, 1944, appellant was charged in Texas with grand larceny and was sentenced to serve two years in the Texas State Penitentiary at Huntsville, Texas. At that time he was on parole from the Oklahoma State Penitentiary at McAlester, Oklahoma, on a ten year sentence he was serving there. On February 23, 1944, while serving the Texas sentence, his parole from the Oklahoma Penitentiary was revoked and a detainer was lodged against him with the Texas authorities. On January 12, 1945, while still serving the Texas sentence, he was indicted in the United States District Court for the Western District of Oklahoma, charged with violation of the National Motor Vehicle Act, 18 U.S.C.A. § 408 [Revised §§ 2311–2313].

On January 27, 1945, a writ of habeas corpus ad prosequendum was issued out of the Oklahoma Federal Court and was served on the Texas authorities. Pursuant thereto, Hill was released to the Oklahoma Federal Court for prosecution. On February 3, 1945, he was arraigned and advised of his constitutional rights to counsel, waived counsel, and entered a plea of guilty. On February 10, 1945, the court pronounced the following sentence:

"Ordered and Adjudged that the defendant, having entered plea of guilty of said offenses, is hereby committed to the custody of the Attorney General for imprisonment in an institution of the type to be designated by the Attorney General or his authorized representative for the period of five (5) years from date of delivery, or until said defendant is otherwise discharged as provided by law.

"It is Further Ordered that sentence herein begin upon release from sentence defendant is now serving in Texas State Penitentiary, unless taken in custody by Oklahoma State authorities, and in that event, sentence herein is to begin upon release from or completion of sentence by Oklahoma authorities."

After the imposition of this sentence, he was returned to the Texas authorities to complete his sentence there. He was released from the Texas Penitentiary May 29, 1945, and was delivered to Oklahoma under its detainer to complete his sentence in the Oklahoma Penitentiary. He completed that sentence on or about May 27, 1950, and was then delivered to the Federal authorities to serve the sentence imposed in this case.

Five assignments of error are urged for reversal, but they may be summarized as follows. It is contended that the federal sentence is void because it requires extraneous evidence to show the precise intent of the judgment. This contention is without merit. The judgment itself establishes that it was intended that the Federal sentence was not to begin until he had completed his Texas sentence and the sentence on which he had been on parole from the Oklahoma Penitentiary, if Oklahoma required its completion. The fact that evidence was required to establish when these two sentences were completed did not make vague or indefinite the intent or effect of the Federal sentence. A sentence in a criminal case must be definite and certain. Its commencement cannot be left to speculation and conjecture. But it

is not necessary that every conceivable contingency as to the date of its commencement must be set out in the sentence itself. The provision in a sentence that it shall not begin until the expiration of a prior sentence or sentences is not enough to render the sentence void for indefiniteness where the time of such sentences is fixed and determined.[1]

In re Jennings, C.C., 118 F. 479, and White v. Pearlman, 10 Cir., 42 F.2d 788, upon which appellant primarily relies to sustain his contention that he is entitled to credit on the Federal sentence, at least for the time spent in the Oklahoma Penitentiary after the Federal sentence was imposed, do not sustain this contention. In the Jennings case, the Marshal was directed by the judgment to convey the prisoner to a penitentiary and deliver him to the keeper in execution of the sentence. Instead, he surrendered him to the Marshal of another district to be tried there. In the Pearlman case, the warden released a prisoner after he had served three years of a five year sentence on the erroneous supposition that he had completed his sentence. The prisoner told the warden there must be a mistake, but the warden told him the records showed three years and that he was going to abide by the records. More than two years later the authorities undertook to make him serve the additional two years. The court held that his sentence had expired. The factual distinction between these two cases and the one before us is clearly apparent. No extended analysis of these cases would be helpful. It is sufficient to say that they do not control the decision in this case.

When the State of Texas delivered appellant to the Marshal for prosecution in the Federal Court, his custody of the prisoner was temporary and at the conclusion of the trial in the Federal Court, under the rules of comity and in obedience to the writ of habeas corpus ad prosequendum, he was properly required by the Federal Court to deliver him back to Texas from whom he was borrowed to complete his sentence there.[2]

So likewise the Federal Court had power to recognize the detainer Oklahoma had placed against appellant with the Texas authorities and could lawfully postpone the commencement of the Federal sentence until he had completed his sentence in the Oklahoma Penitentiary.[3]

The record is also clear that appellant was informed of his constitutional rights to counsel, and freely and intelligently waived his right to be represented by counsel.

We have carefully examined the entire record and find no reversible error therein.

Affirmed.

1. Smith v. United States, 10 Cir., 177 F. 2d 434; Subas v. Hudspeth, 10 Cir., 122 F.2d 85; Wall v. Hudspeth, 10 Cir., 108 F.2d 865; Carroll v. Zerbst, 10 Cir., 76 F.2d 961; Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607.

2. Rohr v. Hudspeth, 10 Cir., 105 F.2d 747; Zerbst v. McPike, 5 Cir., 97 F.2d 253; Vanover v. Cox, 8 Cir., 136 F.2d 442.

3. Lunsford v. Hudspeth, 10 Cir., 126 F. 2d 653; Rohr v. Hudspeth, 10 Cir., 105 F.2d 747; Smith v. United States, 10 Cir., 177 F.2d 434; Wall v. Hudspeth, 10 Cir., 108 F.2d 865.