John Thomas FREEMAN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6776.

United States Court of Appeals
Tenth Circuit.

Jan. 30, 1962.

H. E. Hurst, Denver, Colo., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty., Kansas City, Kan. (Newell A. George, U. S. Atty., Kansas City, Kan., on the brief), for appellee.

Before MURRAH, Chief Judge, and BRATTON and BREITENSTEIN, Circuit Judges.

PER CURIAM.

This is a forma pauperis appeal from a conviction for violation of 18 U.S.C. § 2312. At the time of trial and sentence appellant was serving a life term in the Kansas State Penitentiary for violation of that state's habitual criminal law. The only question raised is the validity of the sentence which committed appellant to the custody of the Attorney General of the United States for a period of 5 years, "such sentence to run consecutively to the sentence which he is now serving." When imposing sentence the trial judge said from the bench that the 5-year sentence was "to begin at the completion of the sentence now being served in the Kansas State Penitentiary."

Upon the trial and conviction of one already sentenced for another crime, execution of the second sentence may begin when the first terminates. Ponzi v. Fessenden, 258 U.S. 254, 265, 42 S.Ct. 309, 66 L.Ed. 607. A sentence so providing is not void for indefiniteness or uncertainty. Smith v. United States, 10 Cir., 177 F.2d 434, 436; Wall v. Hudspeth, 10 Cir., 108 F.2d 865, 867; cf. Crawford v. Taylor, 10 Cir., 290 F.2d 197. There is no uncertainty in the intent of the court to impose a 5-year sentence to begin upon release of the defendant from the state penitentiary. Gibson v. Looney, 10 Cir., 258 F.2d 879, 880.

Affirmed.