264 So.2d 221

**Rayford Norman JACKSON**

v.

**STATE.**

**1 Div. 300.**

Court of Criminal Appeals of Alabama.

June 20, 1972.

---

Thomas M. Haas, Mobile, for appellant.

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

TYSON, Judge.

This appeal comes to us from the granting of a writ of habeas corpus ad prosequendum by the Circuit Court of Mobile County, Alabama, on petition of the District Attorney, Charles R. Butler, Jr., seeking the return of the appellant from custody of the United States Marshal at Laredo, Texas, where he is presently being held in conjunction with several federal charges pending against him in the United States District Court at Laredo, Texas.

From the granting of the writ by the Circuit Court of Mobile County, the appellant prosecutes this appeal.

The sole question presented is whether the Circuit Court of Mobile County, Ala-

bama, had jurisdiction to issue such writ on petition of the District Attorney when the party is being held by federal authorities in a state beyond the territorial limits of the State of Alabama.

In Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, the court stated:

"There is no express authority authorizing the transfer of a federal prisoner to a state court for such purposes. Yet we have no doubt that it exists and is to be exercised with the consent of the Attorney General. In that officer, the power and discretion to practice the comity in such matters between the federal and state courts is vested. The Attorney General is the head of the Department of Justice. Rev.Stat. § 346 (Comp.St. § 515). He is the hand of the president in taking care that the laws of the United States in protection of the interests of the United States in legal proceedings and in the prosecution of offenses be faithfully executed. United States v. San Jacinto Tin Co., 125 U.S. 273, 8 S. Ct. 850, 31 L.Ed. 747; In re Neagle, 135 U.S. 1, 10 S.Ct. 658, 34 L.Ed. 55; Kern River Co. v. United States, 257 U.S. 147, 42 S.Ct. 60, 66 L.Ed. 175, decided November 21, 1921; Rev.Stat. § 359, Act of June 30, 1906, 34 Stat. 816; Rev.Stat. §§ 360, 361, 357, 364 (Comp.St. §§ 533–536, 531, 539). By section 367, Rev.Stat. (section 542) the Attorney General is authorized to send the Solicitor General or any officer of the Department of Justice 'to any state or district in the United States to attend to the interests of the United States in any suit pending in any of the courts of the United States, or in the courts of any state, or to attend to any other interest of the United States.'

.    .    .    .    .    .

"This recital of the duties of the Attorney General leaves no doubt that one of the interests of the United States which he has authority and discretion to attend to through one of his subordinates in a state court under section 367, Rev.Stat., is that which relates to the safety and

custody of United States prisoners in confinement under sentence of federal courts. In such matters he represents the United States, and may on its part practice the comity which the harmonious and effective operation of both systems of courts requires, provided it does not prevent enforcement of the sentence of the federal courts or endanger the prisoner. Logan v. United States, 144 U.S. 263, 12 S.Ct. 617, 36 L.Ed. 429."

■ Clearly, therefore, the Circuit Court of Mobile County, Alabama, had jurisdiction to issue the writ on proper application by its District Attorney.

[2] The writ of habeas corpus ad prosequendum is but a paper device to protect the delivering officer from a claim of kidnapping.[1] It is not a common law prerogative writ as is the Great Writ, i. e., ad subjiciendum. Bl. iii Com. 130, 131; Carbo v. United States, 364 U.S. 611, 81 S.Ct. 338, 5 L.Ed.2d 329. See 75 Harv.L.Rev. 182, et seq.

■ In discussing the rule of comity between federal and state courts and pointing out that the state court's writ commanded the presence—not the surrender—of the federal convict, the Supreme Court of Missouri in Jackson v. Kaiser, 353 Mo. 919, 185 S.W.2d 784, stated:

" . . . The marshal had control of the petitioner all during the trial in the Circuit Court. By the writ of habeas corpus ad prosequendum, the Circuit Court's custody of the petitioner was placed in the marshal. In re Grant, 26 Wash. 412, 67 P. 73.

"We hold that the Circuit Court never did obtain full and exclusive custody of the petitioner during his trial for robbery, but its custody of the petitioner during this trial was subject to the prior custody of the District Court which already had custody of him. As said in the Zerbst case, supra, the Federal Government 'lent' the petitioner to the State for the limited purpose of trial in that court. It follows that since the Circuit Court did not have full and exclusive custody of the petitioner, it did not waive its right to have its judgment and sentence executed by returning him to the United States marshal at the conclusion of the trial in that court."

Most recently, the United States Supreme Court, in passing upon the question of the territorial limitations as between sovereigns under an appropriate petition for writ of habeas corpus ad prosequendum, in Carbo v. United States, 364 U.S. 611, 81 S.Ct. 338, 5 L.Ed.2d 329, stated:

"We feel that there is no indication that there is required today a more restricted view of the writ habeas corpus ad prosequendum than was necessary in 1807 when Chief Justice Marshall considered it. Cases reported from at least three Circuit Courts of Appeals, involving extraterritorial writs ad prosequendum issued both before and after the 1948 revision, Taylor v. United States, 98 U.S. App.D.C. 183, 238 F.2d 259; United States ex rel. Moses v. Kipp, 7 Cir., 232 F.2d 147; Hill v. United States, 10 Cir., 186 F.2d 669; and perhaps four, cf. Vanover v. Cox, 8 Cir., 136 F.2d 442, indicate as an accepted, or at least there unchallenged, interpretation of the statutes, that the writ suffers no geographical limitations in its use.

"Moreover, this construction appears neither strained nor anomalous. Much was borrowed from our English brethren. Although our own practice has limited the jurisdiction of courts and justices to issue the Great Writ, we have never abandoned the English System as

[1] "The writ is equivalent to a warrant for an arrest." State v. Rudolph, 322 Mo. 1103, 17 S.W.2d 932. As between one county and another, Code 1940, Title 15, Section 184, "bench warrant" serves the same purpose.

to the ad prosequendum writ. Cf. 1 Chitty's Criminal Law 132 (1847), and 4 Bacon's Abridgment 566 (1856) for discussion of similar process. After almost two hundred years, we cannot now say it has been abandoned by a Congress which expressly said it intended to make no substantive changes. The more strongly are we led to this construction by recognition of the continually increasing importance assigned to authorizing extraterritorial process where patently desirable. Cf. Fed.Rules Crim.Proc., 4(c) (2) and 17(e) (1), 18 U.S.C.A. And it is the more so here where an accommodation is so important between the federal and state authorities. Hebert v. State of Louisiana, 1926, 272 U.S. 312, 315–316, 47 S.Ct. 103, 104, 71 L.Ed. 270. That comity is necessary between sovereignties in the administration of criminal justice in our federal-state system is given full recognition by affording through the use of the writ both respect and courtesy to the laws of the respective jurisdictions."

▆ Finally, appellant's counsel argues that jurisdiction is not conferred by virtue of service through the mail of a copy of the petition on his local counsel. What was stated by the Supreme Court of Alabama in Maner v. Maner, 279 Ala. 652, 189 So.2d 336, with reference to service of pleadings upon counsel has no application to proper petition initiated by the District Attorney such as in the case at bar.

We therefore hold that the Circuit Court of Mobile County, Alabama, properly exercised its jurisdiction and issued the writ upon appropriate application by its District Attorney. The judgment is therefore due to be and the same is hereby

Affirmed.

CATES, ALMON and HARRIS, JJ., concur.