**JONES v. HIATT, Warden.**

No. 137.

District Court, M. D. Pennsylvania.

May 17, 1943.

JOHNSON, District Judge.

Ellis O. Jones, a resident of the state of California and a citizen of the United States, held in custody as a prisoner in the United States Penitentiary at Lewisburg, in the Middle District of Pennsylvania, has presented to this Court his petition for a writ of habeas corpus.

The petitioner is held under a warrant of commitment issued by the United States District Court for the Southern District of California.

The petitioner alleges that his detention is illegal and assigns as reason supporting his contention, (1) that he was removed from Washington, D. C., to the Federal Penitentiary at Lewisburg, without notice and for the purpose of preventing petitioner from preparing a defense to indictments returned by a District of Columbia Grand Jury; (2) that the authorities in charge of the Federal Penitentiary at Lewisburg have denied petitioner the right of communication with his legal advisor until the authorities have investigated him; (3) that he was surrendered by Federal Authorities to the jurisdiction of a California State Court and subjected to a three months trial initiated after his arrest by the Federal Authorities and wherein substantially the same evidence was produced as in the preceding Federal trial, thus placing petitioner "twice in jeopardy"; (4)

that he was confined in "the exceptionally vile Sacramento jail along with casual drunks" which violated his rights and the sentence of the Federal Judge who had committed him; (5) that he was shackled to another defendant during the time of his trial at the California State Court with intent to influence the jury; (6) petitioner further alleges in his voluminous petition that other confinements in jail resulting from a writ of habeas corpus issued for the purpose of removing him to Washington, D. C., to answer to other indictments, the opening and censoring of his mail, his inability to communicate with co-defendants and his present confinement constitute a conspiracy for the purpose of preventing him from preparing a proper defense to the indictments returned and to be in future returned by the grand jury convened in Washington, D. C.

This Court will examine the contentions of petitioner in the same order as they appear above: (1) Petitioner states that "no grounds of detention is alleged to your petitioner's knowledge unless it be a certain Document known as a Warrant of Commitment and Judgment issued by the United States District Court for the Southern District of California. * * *" This is sufficient ground for his detention and as to petitioner's allegation that his detention is for the purpose of preventing him from preparing a defense to certain other indictments no credence can be given thereto. Petitioner has forfeited his right of freedom and unrestrained liberty of action and must bear the burden attached to that forfeiture. (2) The right of petitioner to communicate with legal counsel must await investigation by the authorities at the Lewisburg Penitentiary as that is a matter of Administrative Order within the jurisdiction of those authorities. The remedy for an abuse of discretion by those in authority at the Lewisburg Penitentiary is not by writ of habeas corpus but by a writ of mandamus which is not under such circumstances within the jurisdiction of this Court. Crites v. Hill, Warden, D.C., 9 F.Supp. 975. (3) The rights of petitioner were not violated when he was surrendered by Federal Authorities to the jurisdiction of a California State Court, Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879, and the fact that substantially the same evidence was produced at the State trial as was produced in the

preceding Federal trial has not placed petitioner twice in jeopardy. (4) This Court has not and did not have jurisdiction over petitioner, the trial nor the place and manner of his confinement during the California trial. As above stated his surrender to the jurisdiction of the State Court was legal and not in violation of the sentence imposed by the Federal Judge for the Southern District of California. (5) The shackling of petitioner to another defendant during his trial in the California State Court was a matter entirely within the jurisdiction of that Court and any remedies possessed by petitioner arising out of the conduct of that trial must be addressed to that Court. (6) There is no merit to the allegations of petitioner that his transfer, confinement and subjection to the rules of the penal institutions where he has been confined were for the purpose of preventing him from preparing a defense to a possible future trial in Washington, D. C., nor will the allowance of the present petition, under the facts therein alleged, serve any proper or legal purpose, and it is therefore ordered that the petition of Ellis O. Jones for a writ of habeas corpus is hereby dismissed and the writ denied.