## BOYCE v. UNITED STATES et al.
### No. 153.

District Court, M. D. Pennsylvania.
Oct. 16, 1943.

No appearances by either side.

116

JOHNSON, District Judge.

Roy Cleaver Boyce, a prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, has filed his motion evidently intended to be in the nature of an application for a writ of habeas corpus, setting forth that the State of New York has lodged with the Warden of the United States Penitentiary a warrant or detainer to take effect upon the expiration of the petitioner's sentence.

Although the document presented to this court is not in proper form and the prayer thereof is not allowable in this court, it is nevertheless apparently intended to seek relief by means of a writ of habeas corpus and the document will be so considered. It is not to be understood, however, that in so doing a precedent is established whereby all procedural and statutory requirements will be waived in the future.

 Petitioner contends that because the State of New York originally surrendered him to the authorities of the State of Connecticut, the State of New York thereby surrendered and lost all jurisdiction over the petitioner, and that the warrant or detainer now lodged at the penitentiary is null and void. He seeks an order prohibiting any officials of the Government of the United States of America "from removing the plaintiff from the United States Penitentiary at Lewisburg, Pennsylvania, until the expiration of the plaintiff's sentence according to law". The petitioner's application is not a proper method of testing the validity of the state warrant, nor does this court have jurisdiction to determine the validity of the possible future action of the Attorney General in transferring this prisoner or yielding him to the jurisdiction of the said court. The law is well settled that a federal prisoner may, prior to his release, be transferred to a state in which he is wanted for a violation of the state law; such co-operation of state and federal government agencies to vindicate their respective criminal statutes is proper. In re Berman (Berman v. McDonnell et al.), 7 Cir., 1935, 80 F.2d 361, certiorari denied 298 U.S. 660, 56 S.Ct. 682, 80 L.Ed. 1386; Wall v. Hudspeth, 10 Cir., 1940, 108 F.2d 865; Ponzi v. Fessenden et al., 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879. This Court is not the proper forum in which to test the validity of an anticipated future action by the Courts of the State of New York.

Now the prayer of the petition is dismissed and a writ of habeas corpus is denied.