## SMITH v. HIATT, Warden.
### No. 165.

District Court, M. D. Pennsylvania.

March 9, 1944.

Herman F. Reich, Asst. U. S. Atty., of Lewisburg, Pa., for Warden Hiatt.

Robert Guy Smith, in pro. per.

JOHNSON, District Judge.

This is a petition for a writ of habeas corpus filed by Robert Guy Smith, a prisoner in the United States Penitentiary, Lewisburg, Pennsylvania, alleging that "his constitutional right to legal representation" had been denied him, and that, having been surrendered by Federal authorities for sentence by a state court, he cannot now be held to be legally serving a Federal sentence. He then makes the somewhat inconsistent allegation that the lodging of a state detainer is a violation of his rights and that both the state and Federal sentences must be set aside.

It appears that he was originally arrested by the Pennsylvania State Police and, upon request, turned over to the Federal authorities. He was indicted in the United States District Court for the Western District of Pennsylvania on a charge of violating the Selective Training and Service Act, 50 U.S.C.A.Appendix, § 301 et seq. The United States District Court, on a petition of the United States Attorney, entered an order on February 24, 1943, authorizing the Warden of the Allegheny County Jail to deliver the prisoner to the United States Marshal for the purpose of proceedings in the State Court, and "then to be returned immediately to the custody of the aforesaid Warden". A few days thereafter, under this order, he was arraigned in the state court, entered a plea of guilty and was sentenced. He was then returned to Federal custody and a state detainer was lodged against him. On March 3, 1943, he then entered his plea of guilty in the Federal Court, as follows:

"Plea and Waiver of Counsel

"The defendant, Robert Guy Smith, waives arraignment and pleads guilty in open Court this 8th day of March, A. D. 1943, and having been fully advised of his Constitutional right to have the benefit of counsel, hereby waives the right to have the Court appoint counsel to advise and represent him."

The Court Record of Arraignment also shows:

"On this 8th day of March, 1943, came the United States Attorney, and the defendant Robert Guy Smith appearing in proper person, and having been advised of his constitutional right to counsel and having been asked whether he desired counsel by Court replied he did not."

"One accused of crime has a right to a full and fair trial according to the law of the government whose sovereignty he is alleged to have offended, but he has no more than that. He should not be permitted to use the machinery of one sovereignty to obstruct his trial in the courts of the other, unless the necessary operation of such machinery prevents his having a fair trial. He may not complain if one sovereignty waives its strict right to exclusive custody of him for vindication of its laws in order that the other may also subject him to conviction of crime against it. In re Andrews, D.C., 236 F. 300; United States v. Marrin, D.C., 227 F. 314. Such a waiver is a matter that addresses itself solely to the discretion of the sovereignty making it and of its representatives with power to grant it." Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 310, 66 L.Ed. 607, 22 A.L.R. 879.

It is therefore a matter solely for the two sovereignties and is not subject to the control of the petitioner, nor is it the proper subject for habeas corpus proceedings. Jones v. Hiatt, D.C.M.D.Pa., 50 F.Supp. 68; Wall v. Hudspeth, 10 Cir., 108 F.2d 865.

Neither can the petitioner by habeas corpus proceedings test the validity of the state detainer. He is presently imprisoned on a valid sentence of the United States District Court, and habeas corpus lies only to test actual and present restraint. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238.

The question as to the petitioner's constitutional right to legal representation is fully covered by the record of the trial court, and such record cannot be collaterally attacked in habeas corpus. Hill v. United States ex rel. Wampler, 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed. 1283; Riddle v. Dyche, 262 U.S. 333, 43 S.Ct. 555, 67 L.Ed. 1009.

As this court has repeatedly pointed out in its decisions in habeas corpus proceedings, if the petitioner contends that the record does not speak the truth, his remedy is in the trial court for correction of the record.

The petition for writs of habeas corpus is accordingly dismissed and the rule granted thereon discharged.