### HOWELL v. HIATT, Warden.

### No. 173.

District Court, M. D. Pennsylvania.

April 14, 1944.

Petitioner pro se.

Herman Reich, Asst. U. S. Dist. Atty., of Lewisburg, Pa., for the United States.

JOHNSON, District Judge.

This is a petition for a writ of habeas corpus filed by William Lee Howell, at present a prisoner in the Lewisburg Penitentiary, within the Middle District of Pennsylvania.

The early allegation in the petition which calls for the attention of this Court is the statement that, while serving a term under the sentence of a State Court, he was taken before the United States District Judge of the Middle District of Tennessee and sentenced to a term of three years and six months which he is now serving at the United States Penitentiary, Lewisburg, Pennsylvania; that at the time of the said sentence he was then remanded to the custody of the state officials and forced to complete his term in the state institution before being turned over to the Federal authorities to commence the service of his Federal sentence. He now contends that the Federal Court erred in trying him while he was still in the custody of the state of Tennessee and that the United States District Judge erred in imposing a sentence to commence at the expiration of his state sentence; and further, that as a matter of law, "his Federal sentence should have begun upon the date that he was sentenced and at no later date". This question has been decided by this Court in its recent opinions in the cases of Smith v. Hiatt, Warden, D.C., 54 F.Supp. 481; and Peer v. Hiatt,[1] Warden, No. 168 Habeas Corpus, decided March 9, 1944, holding that the sovereign having the prior and exclusive jurisdiction and custody of a prisoner for a violation of its penal laws may voluntarily surrender him to the other sovereign for the purpose of trial and sentence on a criminal charge, and that under such circumstances the

---

[1] No opinion for publication.

question of jurisdiction and custody is essentially one of comity between the two sovereigns and not a personal right of the individual; and that such action is not subject to the control of the petitioner nor a proper subject for Habeas Corpus proceedings; and furthermore, that service of the Federal sentence imposed under such circumstances could not commence until after he had been released by the State authorities in connection with the service of the State sentence.

The petition for a writ of habeas corpus is dismissed and the writ denied.