BIGROW v. PATTERSON, Secretary of War, et al.

Civ. No. 2803.

District Court, M. D. Pennsylvania.

Jan. 31, 1947.

W. F. Bigrow, pro se.

No appearance for defendants.

FOLLMER, District Judge.

William F. Bigrow, a military prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, originally filed a petition for habeas corpus in this Court to No. 196 Habeas Corpus Docket, the petition

being captioned, "William F. Bigrow, Petitioner v. William H. Hiatt, Warden United States Penitentiary Lewisburg, Pa., et al., Robert P. Patterson, Secretary of War and/or his Successors, Washington, D. C."

In that proceeding a response was filed by William H. Hiatt, Warden of the United States Penitentiary. No service was had upon, and no response was filed nor appearance entered by the Secretary of War. A representative of the Judge Advocate General's Department assisted the United States Attorney's Office at the time of trial.

A petition has now been filed by him to No. 2803 Civil Docket entitled "Petition for a Writ of Mandamus" under the caption, "William F. Bigrow Petitioner v. Robert P. Patterson Secretary of War and/or his Successors, Washington, D. C. et al., Edward F. Witsell Major General, The Adjutant General of the United States Army", in which he, without mentioning any specific individual involved, makes vague allegations "that the aforesaid respondents, after a reasonable lengh of time, haveing willfully and without proof or probable cause failed to furnish the petitioner copies of all records in the General Court Martial of; Pvt William F. Bigrow A. S. N. 6700686 the petitioner", and that his communications relative to these records have been ignored.

William F. Bigrow did attach to his petition for writ of habeas corpus, as an exhibit, a copy of a large part of the court martial proceedings, and at the hearing held on the rule to show cause, issued thereon, respondent introduced in evidence the complete court martial record, which thus became a part of the record. The petitioner at that hearing did not indicate any desire for additional records or testimony of any kind.

There is no jurisdiction on the part of this Court over the parties defendant in this proceeding. There is no matter now pending before this Court as to which they have been properly brought in as parties defendant, nor is the relief here sought in aid of the Court's jurisdiction in the habeas corpus proceeding. It is fundamental that there is no jurisdiction in this Court with reference to a writ of mandamus except for such purpose, Hogan v. Hill, D.C. M.D.Pa., 9 F.Supp. 975, affirmed 3 Cir., 78 F.2d 1017; Crites v. Hill, D.C.M.D.Pa., 9 F.Supp. 975, nor are the parties defendant within the jurisdiction of this Court from the standpoint of service. Pinkus v. Walker et al., D.C.N.J., 61 F.Supp 610; Secchi v. United States Commissioner of Immigration et al., D.C.M.D.Pa., 62 F. Supp. 594; Robertson v. Railroad Labor Board, 268 U.S. 619, 45 S.Ct. 621, 69 L.Ed. 1119; Wilson v. Awalt, Acting Comptroller of the Currency et al., D.C.M.D.Pa., 2 F. Supp. 465.

The petition is accordingly denied.