Leslie E. Rockwell, pro se.
No appearance for respondent.

### Ex parte ROCKWELL.

#### No. 213.

District Court, M. D. Pennsylvania.

Feb. 12, 1948.

FOLLMER, District Judge.

Leslie E. Rockwell, the applicant, in forma pauperis, for a writ of habeas corpus alleges that he is presently imprisoned in the United States Penitentiary, Lewisburg, Pennsylvania, on the sentence of a United States Court and that a detainer has been lodged against him on a warrant issued by a state court. He further alleges that his conditional release date on the Federal sentence is February 15, 1948. He contends that the state authorities will have no right to take him into custody during such time as he will be at large on conditional release parole.[1]

He is presently in lawful restraint under the sentence of the United States Court. There is no present illegal restraint. Habeas corpus does not lie to test the validity of anticipated future action by the State.[2]

Even were he already released from actual imprisonment he would not be entitled to the relief sought. If while under actual restraint he had been turned over to the State authorities for trial he could not have complained. Certainly being at large on parole instead of in actual confinement confers upon him no greater immunity. The sovereign having the prior and exclusive jurisdiction and custody of a prisoner may voluntarily surrender him to

---

[1] Under the provisions of 18 U.S.C.A. § 716b.

[2] Boyce v. United States, D.C.M.D.Pa., 52 F.Supp. 115.

the other sovereign for the purpose of trial and sentence on a criminal charge. The matter of waiver of exclusive jurisdiction involves no personal right of the petitioner;[3] it is not subject to his control; it addresses itself solely to the discretion of the sovereign.

What might be the rights and remedies of the sovereign under its legal custody and control of a person on parole need not be decided here. Co-operation of State and Federal agencies to vindicate their respective criminal statutes is proper, this being a matter of comity between two sovereigns. Such action is not subject to the control of the petitioner. The fact that he may be on parole instead of in actual confinement does not create any special haven for him.

Leave to proceed in forma pauperis is granted. The application for writ of habeas corpus is denied.

[3] Jones v. Hiatt, D.C.M.D.Pa., 50 F. Supp. 68; Boyce v. United States, supra; Smith v. Hiatt, D.C.M.D.Pa., 54 F.Supp. 481; Howell v. Hiatt, D.C.M.D. Pa., 55 F.Supp. 142; United States ex rel. Buchalter v. Warden, 2 Cir., 141 F. 2d 259, certiorari denied 321 U.S. 780, 64 S.Ct. 633, 88 L.Ed. 1072.