### PERETZ v. HUMPHREY, Warden, et al.
### No. 85.

United States District Court,
M. D. Pennsylvania.
Oct. 11, 1949.

Benjamin Peretz pro se.

No appearance for the respondents.

FOLLMER, District Judge.

Petitioner, seeking leave to proceed in forma pauperis, has submitted a motion for an order which in effect would constitute a mandatory injunction directed to the Warden of the United States Penitentiary, Lewisburg, Pennsylvania, wherein petitioner is now confined. Disregarding comments in the petition which could well have been omitted, and which merely serve to reveal his recalcitrant attitude, it appears that an indictment is pending against him in a court of the State of New York, that he sought to mail an informal letter to the state authorities seeking an order, inter alia, directing the County District Attorney to place his indictment on the trial list and that he "be tried .

thereon within ninety days from the date of the order, * * *". The petition further indicates that the Warden considerately called the petitioner in for a conference to explain the proper procedure for setting in motion a writ of habeas corpus ad prosequendum upon which the federal authorities could act in determining whether to waive their original jurisdiction, and permit petitioner to be tried by the state court. The Warden suggested a conference with the Prison Parole Officer on "procedure in mailing special purpose letters in connection with a detainer." The petitioner, evidently not amenable to kindly advice or prison regulations, refused to confer with the Parole Officer and filed this petition insisting upon what he terms his "rights".

■ The order sought in this motion is the equivalent of the former writ of mandamus. This court has no such original jurisdiction nor is the motion in aid of any jurisdiction already acquired,[1] nor is it within the province of the courts to superintend the treatment of prisoners in penitentiaries, or interfere with the conduct of prisons or their discipline.[2] Furthermore, the United States now has the prior and exclusive jurisdiction of this prisoner. Any waiver thereof is a matter that addresses itself solely to the discretion of the sovereign making it, and of its representatives with power to grant it and determine the terms and condition thereof. Such waiver is a matter of comity and confers no rights whatsoever upon a defendant who has violated the laws of both sovereigns.[3]

■ There being no merit in the motion, leave to prosecute this action in forma pauperis is denied. The Clerk of Court is, however, directed to file the motion and this order, for which purpose leave to commence the action is granted pursuant to the provisions of 28 U.S.C.A. § 1915.

1. Feyerchak v. Hiatt, D.C.M.D.Pa., 7 F.R. D. 726; Petrowski v. Nutt, 9 Cir., 161 F.2d 938, certiorari denied 333 U.S. 842, 68 S.Ct. 659, 92 L.Ed. 1126, rehearing denied 333 U.S. 882, 68 S.Ct. 909, 92 L.Ed. 1157; Hurt v. Cotton States Fertilizer Co. et al., 5 Cir., 159 F.2d 52, 60; Bigrow v. Patterson, D.C.M.D.Pa., 69 F.Supp. 587; Palmer v. Walsh, D.C. D.Or., 78 F.Supp. 64; Kohlman v. Smith, D.C.W.D.Pa., 71 F.Supp. 73; De Cloux v. Johnston, D.C.N.D.Cal., 70 F.Supp. 718.

2. Jones v. Hiatt, D.C.M.D.Pa., 50 F.Supp. 68; Rothstein v. Hiatt, D.C.M.D.Pa., 70 F.Supp. 867; Shepherd v. Hunter, 10 Cir., 163 F.2d 872; Numer v. Miller, 9 Cir., 165 F.2d 986.

3. Ex parte Rockwell, D.C.M.D.Pa., 75 F.Supp. 702; Craig v. Hunter, 10 Cir., 167 F.2d 721; United States ex rel. Lombardo v. McDonnell, 7 Cir., 153 F.2d 919, certiorari denied, United States ex rel. Durkin v. McDonnell, 328 U.S. 872, 66 S.Ct. 1365, 90 L.Ed. 1641; Vanover v. Cox, 8 Cir., 136 F.2d 442, certiorari denied 320 U.S. 779, 64 S.Ct. 93, 88 L.Ed. 468.