**KEEHNER v. HUMPHREY, Warden.**

**No. 87.**

United States District Court
M. D. Pennsylvania.

Dec. 14, 1949.

For the petitioner, pro se.
For the respondent, no appearance.

FOLLMER, District Judge.

Frank Keehner, a prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, seeks leave to file, in forma pauperis, in the Middle District of Pennsylvania, what he terms "Writ of Error Correction or Reduction of Sentence." It

does not allege that he is entitled to present release. Certain allegations in the petition establish that he is not seeking immediate release from unlawful restraint. It cannot therefore be treated as an application for a writ of habeas corpus. He alleges that while serving a sentence of the State court in the Allegheny County Workhouse at Blawnox, Pennsylvania, he was on May 26, 1948, taken before a United States District Court and sentenced to a term of three years and thereafter returned to the workhouse for further service of the State sentence until December 8, 1948. While he does not so state, it is apparent that he was at that time delivered to the custody of the Attorney General to commence the service of the sentence imposed by the Federal Court. He requests a rule to show cause "why your petitioner is not entitled to this illegal time that your petitioner served while being in the sole custody of the federal court." He also states "your petitioner requests this honorable court to assist your petitioner to regain for him the time that he served illegally in foresaid workhouse, between May 26th, 1948, and December 8th, 1948."

Waiver of custody is a matter of comity and confers no rights upon a defendant who has violated the laws of both sovereigns.[1] Where a prisoner is in the custody of the State authorities, is sentenced by the Federal Court, but custody is retained by the State authorities for further service of the State sentence, he is not during such period in the custody of the Attorney General at a place of detention awaiting transportation to the place where his Federal sentence is to be served.[2]

Petitioner was not sentenced in this district[3] and this Court would have no power to correct or reduce the sentence. Such a motion should be directed to the sentencing court.

Leave to prosecute this action in forma pauperis is therefore denied. Leave to commence the action in forma pauperis is granted for the sole purpose of entering this order of record.

---

1. Peretz v. Humphrey, D.C.M.D. Pa., 86 F.Supp. 706.

2. Vanover v. Cox, 8 Cir., 136 F.2d 442, certiorari denied 320 U.S. 779, 64 S.Ct. 93, 88 L.Ed. 468; Lunsford v. Hudspeth, 10 Cir., 126 F.2d 653.

3. There are statements in the petition which indicate he was sentenced in the Western District of Pennsylvania.