**STATE OF INDIANA ex rel. INDIANA STATE BOARD OF PUBLIC WELFARE v. EWING.**

Civ. A. No. 3278-51.

United States District Court
District of Columbia.

Sept. 7, 1951.

Hogan & Hartson, D. C., by Howard Boyd, Paul Connolly, and C. Frank Reifsnyder, Washington, D. C., J. Emmett McManamon, Atty. Gen. of State of Indiana, Clyde H. Jones, First Deputy Atty. Gen., of State of Indiana, and Oscar C. Crawford, Deputy Atty. Gen. Assigned to Indiana Board of Public Welfare, for plaintiff.

George Morris Fay, U. S. Atty., for the District of Columbia, Ross O'Donoghue and William R. Glendon, Asst. U. S. Attys., Washington, D. C., A. W. Wilcox, Gen. Counsel, Federal Security Agency, Joseph Meyers, Principal Atty., Federal Security Agency, Leonard Zeisler, Atty., Federal Security Agency, and Joseph Kovner, Atty., Department of Justice, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is a suit brought by the State of Indiana to review an action of the Administrator of the Federal Security Agency refusing to make further payments to the State for old-age assistance under the Social Security Act, 42 U.S.C.A. §§ 301 et seq. Both sides have moved for summary judgment, conceding that only questions of law are involved. Consequently, this action has reached the stage for final disposition on the merits.

█ The Social Security Act provides, Section 301 of Title 42 of United States Code Annotated for Federal grants to the several States to enable them to furnish financial assistance to aged needy individuals. It will not be disputed that when the Federal Government makes grants to the States for specified purposes, it has a right to surround the grants by such conditions as it chooses to impose. Accordingly, the Congress, in Section 302, imposed as a condition for making any payments under the Act to any State, that the State plan for old-age assistance must comply with certain standards. One of the requirements is that the State plan must provide safeguards which restrict the use or disclosure of information concerning applicants and recipients to purposes directly connected with the administration of old-age assistance.

The Federal Security Administrator has ruled that the present Indiana plan for old-age assistance fails to comply with this requirement, and for that reason has cut off further payments under the Act to the State. This action seeks to review this determination of the Federal Administrator.

The basis of the Federal Administrator's determination is found in the recent amendment to the Indiana Welfare Act, Acts 1936, Sp.Sess., c. 3, § 93, as amended by Acts 1951, c. 321, which requires the county welfare board of each county to file with the county auditor a report showing names and addresses of all recipients of payments under the Act, together with the amount paid to each. This section further provides that the reports so filed with the county auditor shall be bound in a separate record book, and that this book and all reports contained therein shall be public records and shall be open to public inspection at all times during the regular office hours of the county auditor.

Standing alone, admittedly this statute would not comply with the requirements of the Federal Act. It is argued by counsel for the State of Indiana, however, that Section 93a limits or modifies Section 93, in that it forbids the disclosure or use of any lists of names or other similar information for commercial or political purposes of any nature, or for any purpose not directly connected with the administration of public assistance. It is indeed arguable that Section 93a contradicts or is in conflict with Section 93, or at any rate drastically cuts down the right to public inspection of the records. On the other hand, it is also arguable that the two sections may be construed in *pari materia* so as to give effect to both, namely, that the lists of names and amounts shall be open to public inspection, but that a person so inspecting the records may not use the information for any purpose not directly connected with the administration of public assistance.

█ Whether a State plan complies with the requirements of the Federal statute must, in the first instance, be determined by the Administrator of the Federal Act.

The Administrator, in a well-reasoned opinion which is a part of the record in this case, reached a negative conclusion.

■ It is perhaps possible to reach the opposite result. Unless, however, the action to be performed by the Federal official is purely ministerial, the courts may not review and set aside the administrative decision if there is a rational basis for it.

This has been held by the Court of Appeals of this jurisdiction time and time again. One of the more recent expressions is found in Hammond v. Hull, 76 U.S.App. D.C. 301, 303, 131 F.2d 23, 25, in an opinion by Mr. Justice Justin Miller, who made the following statement: "When the performance of official duty requires an interpretation of the law which governs that performance, the interpretation placed by the officer upon the law will not be interfered with, certainly, unless it is clearly wrong and the official action arbitrary and capricious."

[4] This Court is of the opinion that it cannot be said that the interpretation placed upon the Indiana statute by the Federal Administrator is clearly wrong. On the contrary, the question at best is a fairly debatable one, and therefore the ruling of the Administrator and the conclusions reached by him should not be disturbed by the courts.

The Court is fully cognizant of the hardship and the difficulties that confront the State of Indiana and the recipients of old-age assistance. The legislature, after all, was put on notice, even by the Governor of the State, of the hazard that confronted it in enacting Section 93. In spite of that warning, the legislature perferred to run the risk. I am not saying this in any critical vein but merely for the purpose of indicating that complaints of hardship which might result are not well directed. Moreover, the difficulties may be readily obviated by the State legislature.

In view of the fact that the Court has reached the conclusion that the determination of the Federal Administrator may not be set aside because it is not clearly erroneous, and is not arbitrary or capricious, it is not necessary to determine whether this suit is a suit against the United States or whether the plaintiff has a standing to maintain this action.

Assuming *arguendo* that this action is properly brought, the Court reaches the conclusion that it should be determined in favor of the defendant on the merits. In the light of this discussion, the Court will deny the plaintiff's motion for summary judgment and grant the defendant's motion for summary judgment.