**STATE OF ARIZONA ex rel. ARIZONA STATE BOARD OF PUBLIC WELFARE**

**v.**

**HOBBY, Secretary of Health, Education and Welfare.**

**No. 11839.**

United States Court of Appeals District of Columbia Circuit.

Submitted Dec. 16, 1953.

Decided May 13, 1954.

Mr. Martin W. Meyer, Washington, D. C., submitted on the brief for appellant.

Messrs. Leo A. Rover, U. S. Atty., Washington, D. C., Joseph M. Meyers, of the Department of Health, Education and Welfare, and William J. Peck, Asst. U. S. Atty., Washington, D. C., at time brief was filed, submitted on the brief for appellee. Messrs. Oliver Gasch, Principal Asst. U. S. Atty., and Lewis A. Carroll, Asst. U. S. Atty., Washington, D. C., entered appearances for appellee.

Messrs. Felix S. Cohen and Arthur Lazarus, Jr., Washington, D. C., filed a brief on behalf of Association on American Indian Affairs, Inc., Hualapai Tribe of Arizona, and San Carlos Apache Tribe of Arizona, as amicus curiae, urging affirmance.

Before WILBUR K. MILLER, BAZELON and DANAHER, Circuit Judges.

BAZELON, Circuit Judge.

Title XIV of the Federal Social Security Act requires "payments to States which have submitted, and had approved by the Administrator,[1] State plans for aid to the permanently and totally disabled."[2] Arizona, pursuant to an enactment of its legislature, submitted a plan which provided, *inter alia*, "that no assistance shall be payable under such plan to any person of Indian blood while living on a federal Indian reservation".[3] After a hearing, appellee's predecessor, the Federal Social Security Administrator, concluded that because this provision "imposes as a condition of eligibility a residence requirement prohibited by § 1402(b) (1) of the Social Security Act," the plan could not be approved. Arizona thereupon brought this suit to declare that its plan met the requirements of the Federal Social Security Act and to direct the Administrator to approve it. Because the District Court thought the Administrator correctly refused to approve the plan, it "put aside jurisdictional questions" and dismissed the complaint for failure to state a claim upon which relief could be granted. This appeal followed.

The inevitable effect of directing appellee to approve the plan in question would be to require the Secretary of the Treasury to make payments to Arizo-

1. Now the Secretary of Health, Education and Welfare, appellee herein. Under the Reorganization Plan Numbered 1 of 1953, 67 Stat. 18, 631 (1953), 5 U.S.C.A. following section 133z–15, all functions of the Federal Security Administrator were transferred to the Secretary of Health, Education and Welfare and after this transfer, the Secretary was substituted as appellee.

2. 64 Stat. 555 (1950), 42 U.S.C.A. § 1351.

3. Arizona Code § 70–607 (Cum.Supp. 1952).

na out of the federal treasury.[4] Hence, the purpose of this suit is "to reach money which the government owns."[5] This raises the question of the applicability of the doctrine of sovereign immunity as a bar to suit since the United States has not consented to be sued.[6] We had occasion recently in West Coast Exploration Co. v. McKay[7] to review applicable case law relating to this question. Under the principles distilled from that review, it is clear that the court would have jurisdiction to entertain the present action only if the complaint contained substantial charges that (1) the Federal Social Security Act required appellee to approve the Arizona plan, or (2) appellee relied upon an unconstitutional statute in disapproving the plan; but this jurisdiction would end whenever it appeared that these charges "could not be maintained".[8]

■ The naked allegations of the complaint that rejection of the plan was "arbitrary, capricious, and abuse of discretion, contrary to law and in excess of statutory authority" are of no effect since "the statutory limitation" relied upon is not set forth, as required by the Supreme Court's decision in Larson v. Domestic & Foreign Commerce Corp.[9] As a foundation for the prayer of the complaint, there remain the charges that (1) appellee erred in ruling the federal Act did not permit and require certification of the Arizona plan, and (2) if the federal Act did not require certification, it was void as being in conflict with certain earlier treaties between the United States and the Arizona Indian tribes and also with the so-called federal Indian law.

■ The gravamen of the first allegation is not that appellee's predecessor exceeded his authority in ruling upon the Arizona plan but that he made an erroneous ruling. Erroneous action taken in the exercise of an admittedly validly delegated power is "inescapably the action of the United States and the effort to enjoin it must fail as an effort to enjoin the United States."[10] Nor does the second allegation—that of conflict of the Act with earlier treaties and laws—state a statutory or constitutional basis for avoiding the bar of sovereign immunity. It has long been settled that Congress has the power to repeal earlier treaties or statutes by passage of a later law.[11]

4. 64 Stat. 556, 42 U.S.C.A. § 1353, as amended, 66 Stat. 779, 42 U.S.C.A. § 1353, provides that the Secretary shall make payments to states having certified plans, from funds appropriated by Congress for that purpose, according to a formula set up by statute and computed by appellee.

5. Mine Safety Appliances Co. v. Forrestal, 1945, 326 U.S. 371, 375, 694, 66 S.Ct. 219, 221, 90 L.Ed. 140. See also Ex parte State of New York, No. 1, 1921, 256 U.S. 490, 501–502, 41 S.Ct. 588, 65 L.Ed. 1057.

6. Plainly § 10 of the Administrative Procedure Act, 60 Stat. 243, 5 U.S.C.A. § 1009, does not constitute a waiver of sovereign immunity. See Aktiebolaget Bofors v. United States, 1951, 90 U.S. App.D.C. 92, 96, 194 F.2d 145, 149; Almour v. Pace, 1951, 90 U.S.App.D.C. 63, 65, 193 F.2d 699, 701; see also Blackmar v. Guerre, 1952, 342 U.S. 512, 515–516, 72 S.Ct. 410, 96 L.Ed. 534.

7. 93 U.S.App.D.C. 307, 316, 213 F.2d 582, 591 (1954).

8. Id., 93 U.S.App.D.C. 337, 213 F.2d 611 (Concurring opinion of Judge Prettyman).

9. 1949, 337 U.S. 682, 690, 69 S.Ct. 1457, 93 L.Ed. 1628. Appellant's complaint also alleged that the Administrator's decision violated its rights under the Tenth Amendment of the Constitution of the United States but this contention is not now urged upon us. Consequently, we do not think that this presents the "substantial" allegation required by the West Coast case.

10. Larson v. Domestic & Foreign Commerce Corp., 337 U.S. at page 703, 69 S.Ct. at page 1468. See also State of Indiana ex rel. Indiana State Board of Public Welfare v. Ewing, D.C.D.C.1951, 99 F.Supp. 734, vacated as moot, 1952, 90 U.S.App.D.C. 420, 195 F.2d 556.

11. Rainey v. United States, 1914, 232 U.S. 310, 316–317, 34 S.Ct. 429, 58 L.Ed. 617; Ward v. Race Horse, 1896, 163 U.S. 504, 514–516, 16 S.Ct. 1076, 41 L.Ed. 244; The Cherokee Tobacco, 1870, 11 Wall. 616, 620–621, 20 L.Ed. 227.

It follows that this suit should have been dismissed for lack of jurisdiction.[12] We remand the case to the District Court with instructions to dismiss upon that ground.

So ordered.

12. Cf. International Longshoremen's and Warehousemen's Union, Local 37, v. Boyd, 346 U.S. 804, 74 S.Ct. 43.