**Jerome S. SPEVACK, Appellant,**

v.

**Lewis L. STRAUSS et al., Appellees.**

No. 13834.

United States Court of Appeals
District of Columbia Circuit.

Submitted May 28, 1957.

Decided Sept. 19, 1957.

Petition for Rehearing Denied
Oct. 25, 1957.

Messrs. Carleton U. Edwards, II, Joseph Y. Houghton and Bernard Margolius, Washington, D. C., submitted on the brief for appellant.

Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll and E. Riley Casey, Asst. U. S. Attys., submitted on the brief for appellees.

Before EDGERTON, Chief Judge, and WILBUR K. MILLER and BURGER, Circuit Judges.

EDGERTON, Chief Judge.

The appellant's complaint asked the District Court to enjoin the defendants, who are the members of the United States Atomic Energy Commission, and to enjoin also the "officers, agents, servants and employees, and anyone associated with or acting in concert or participation with said defendants, and their successors in office", from disclosing "the heretofore unpublished features" of appellant's patent application No. 188,925, which pertains to the production of heavy water and other isotopes. The complaint says such publication would defeat patent applications appellant plans to file in various foreign countries; that a "secrecy order" of the Commission formerly prohibited appellant from filing those applications; that if appellant had been able to file them within one year after he filed his patent application in the United States, in most countries his filing would have been regarded as "running from the date of" his United States application; and that the Commission has now rescinded the secrecy order and declassified the entire subject of the preparation of heavy water, including the plaintiff's patent application.

The District Court denied an injunction on the ground that previous publications had made the plaintiff's claim moot. We do not reach the question of mootness.

Though the complaint says the defendants "are sued only in their individual capacities", it is plain that the injunction the appellant seeks would, if valid, restrain the United States Atomic Energy Commission from taking certain action. It is also plain that Congress authorized the Commission to take action of this general sort; i. e., to disseminate tech-

nical information in the field of atomic energy. Congress did not leave the matter to implication. It expressly stated its intention to provide "a program for the dissemination of unclassified scientific and technical information and for the control, dissemination, and declassification of Restricted Data, subject to appropriate safeguards, so as to encourage scientific and industrial progress. * * It shall be the policy of the Commission to control the dissemination and declassification of Restricted Data in such a manner as to assure the common defense and security. * * * The dissemination of scientific and technical information relating to atomic energy should be permitted and encouraged. * * * " 42 U.S.C.A. (Supp. IV) §§ 2013(b), 2161, 2161(b).

The legal theory asserted in appellant's complaint is that the "Defendants having received confidential disclosure of the subject matter of the said application have no right to publish the same or any reports dealing with such confidentially disclosed subject matter"; also, that "defendants having prevented the plaintiff from pursuing his right to apply for foreign patents * * * and having by said Classification and Secrecy Order prevented the plaintiff from even effectively negotiating for financing of such applications, are in equity and good conscience bound, on removing such classification and secrecy order, to make no publication even of information, if any, that they might otherwise have a right to publish, that would prevent the plaintiff from pursuing his remaining rights to seek foreign patents corresponding to said application, at least until the plaintiff has had a reasonable time in which to arrange for financing and pursuit of such rights."

The appellant has not "set out in his complaint the statutory limitation", if any, which might indicate that if, as he claims, a publication would violate his rights, it would also exceed the Commission's authority.[1] In effect the complaint comes only to this, that the Commission should be restrained because it is about to err, to the appellant's damage, in exercising its authority. Accordingly we cannot distinguish this case from the Larson case, in which the Supreme Court held that the courts lacked jurisdiction. As in Larson, the United States has not consented to be sued; and like Larson, this is not a case "in which the statute or order conferring power upon the officer to take action in the sovereign's name is claimed to be unconstitutional." Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 690, 69 S.Ct. 1457, 93 L.Ed. 1628. The complaint makes no such claim. Neither does appellant's "Statement of questions presented", in his brief on this appeal.[2]

We think the District Court erred in rejecting the government's contention that the suit is against the United States. We therefore remand the case with instructions to dismiss the complaint for lack of jurisdiction. State of Arizona ex rel. Arizona State Bd. of Public Welfare v. Hobby, 94 U.S.App.D.C. 170, 221 F.2d 498.

Remanded.

---

1. He now makes, but the complaint does not, the paradoxical suggestion that the Commission is authorized to publish *only* classified or restricted information.

2. His reply brief does seek to raise a constitutional question. It says: "For the Commission to effect dissemination of privately owned secret information without provision for compensation would be a wanton violation of plaintiff's rights under the due process clause of the Fifth Amendment of the Constitution. If the Atomic Energy Act purported to confer any such authority on the Commission, it would be unconstitutional." But if the District Court lacked jurisdiction of the complaint, arguments made here cannot supply it.