Jerome S. SPEVACK, Appellant,

v.

Lewis L. STRAUSS et al., Appellees.

No. 13834.

United States Court of Appeals
District of Columbia Circuit.

June 9, 1958.

Certiorari Granted Oct. 27, 1958.

---

Messrs. Carleton U. Edwards, II, Joseph Y. Houghton and Bernard Margolius, Washington, D. C., for appellant.

Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll and E. Riley Casey, Asst. U. S. Attys., for appellees.

Before EDGERTON, Chief Judge, and WILBUR K. MILLER and BURGER, Circuit Judges.

EDGERTON, Chief Judge.

Appellant seeks to restrain the members of the Atomic Energy Commission from publishing certain material. The facts are stated in Spevack v. Strauss, 101 U.S.App.D.C. 339, 248 F.2d 752, decided September 19, 1957. After that decision, appellant moved for leave to amend his complaint. We denied the motion and denied a petition for rehearing. The Supreme Court granted *certiorari,* vacated our judgment and orders, and remanded the cause to us with instructions "(1) to allow petitioner's proposed amendments to the complaint and (2) to determine, in light of the amended complaint, the issues raised by petitioner's appeal." Spevack v. Strauss, 355 U.S. 601, 78 S.Ct. 536, 2 L.Ed.2d 525.

■ The amended complaint says the proposed publication is unauthorized, and also that it would deprive appellant of property without compensation in violation of the Fifth Amendment. The original complaint raised no constitutional question.

In our former opinion we pointed out that Congress has authorized this sort of publication. We now hold that the Constitution does not forbid the publication. In determining this issue we need not pass upon appellant's contention that the publication will be a taking of his property for which compensation must be paid. For the Court of Claims has "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution or any Act of Congress. * * *" 28 U.S.C. § 1491 (Supp. V). "Where the action against which specific relief is sought is a taking or holding of the plaintiffs' property, the availability of a suit for compensation against the sovereign will defeat a contention that the action is unconstitutional as a violation of the Fifth Amendment." Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 697, footnote 18, 69 S.Ct. 1457, 93 L.Ed. 1628. "[I]f the authorized action in this instance does constitute a taking of property for which there must be just compensation under the Fifth Amendment, the Government has impliedly promised to pay that compensation and has afforded a remedy for its recovery by a suit in the Court of Claims. * * * "The Fifth Amendment does not entitle * * * [the owner] to be paid in advance of the taking' and the statute affords a plain and adequate remedy. * * *" Yearsley v. W. A. Ross Construction Co., 309 U.S. 18, 21, 60 S.Ct. 413, 84 L.Ed. 554; United States v. Causby, 328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1206.

■ Appellant's amended complaint therefore fails to state a claim on which relief can be granted. By Rule 15(c), F.R.Civ.P., 28 U.S.C., the "amendment relates back to the date of the original pleading." Accordingly we treat the appeal as though the amended complaint had been filed in the District Court. The case is remanded to that court with instructions to dismiss the amended complaint.

Remanded.