[Civ. No. 9562.    Third Dist.    Jan. 28, 1959.]

HERBERT J. MATTSON, Appellant, v. SHERIFF BISCAILUZ et al., Respondents.

Herbert J. Mattson, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and G. A. Strader, Deputy Attorney General, for Respondents.

WARNE, J. pro tem.*—This is an appeal from an order denying appellant's "petition for an order to vacate, nullify and void" a warrant of arrest issued by a magistrate of the City of New York, New York, by virtue of which a hold has been placed against appellant by the Police Department of New York City. The appeal comes before this court on a judgment roll only.

The petition was filed in propria persona by appellant, who is serving a term in Folsom prison, apparently for issuing worthless checks. Appellant does not seek to set aside the judgment of conviction for which he is now imprisoned, although he alleges that it was obtained by perjured testimony and that an appeal therefrom is pending. It is alleged in his petition that since issuance of the New York warrant in 1955 appellant has been held thereunder in many states, but that he was acquitted in Kentucky of the charges and that for this reason those same charges were dismissed by the Municipal Court of Los Angeles; that despite that fact the sheriff of the county of Los Angeles, who is one of the "defendants" named herein, placed a "renewal" on the New York warrant which had theretofore expired. Thereafter the municipal court made the notation "dropped" on the renewal, but appellant alleges "someone has removed the renewal part this body warrant hold and that it is again upon his person illegally," and has been forwarded to someone by the sheriff of Los Angeles County. Appellant further alleges that the Governor of California has advised the sheriff of Los Angeles County that New York has made no request for the extradition of appellant and that he is no longer wanted there. Despite this allegation, appellant asks that the Governor be advised that he is not extraditable. He also asks that the sheriff be ordered to answer why he placed a renewal on an expired warrant and why he held appellant over 72 hours without arraignment. Appellant prays that a police officer of Los Angeles be ordered to show why he fraudulently filed an extradition warrant purportedly based on a Kentucky indictment for grand theft of an auto when no such indictment existed, and which charge the Municipal Court of Los Angeles dismissed. Appellant further alleges that as a matter of law the New York warrant expired one year after its issuance and could not thereafter be legally renewed by the California authorities. He further alleges that he cannot be

---

*Assigned by Chairman of Judicial Council.

held or tried on the New York charges as he was acquitted thereof in Kentucky. Appellant's final prayer is "that the record may be augmented and the Warrant removed from the body of the plaintiff."

Appellant does not claim that he is now being held under the New York warrant or that extradition proceedings are pending or threatened. As heretofore stated, appellant is now serving a term of imprisonment for three violations of section 476a of the Penal Code. (See *People* v. *Mattson,** (Cal.App.) 327 P.2d 915.)

■ Since appellant does not claim that he is now being held under the New York warrant or that extradition proceedings are pending or threatened at this time, the relief which he is seeking is premature. If, upon the expiration of his present term of imprisonment, he is held or if he is denied parole because of the outstanding New York warrant, he may then seek relief. We are of the opinion that the law as stated in the case of *In re Drake,* 38 Cal.2d 195 [238 P.2d 566], is applicable to the instant proceedings. In that case the Supreme Court held that a person may not by a proceeding in the nature of habeas corpus litigate the future right of a sister state to extradite the prisoner. The court stated at pages 197-198:

"No present extradition proceedings are pending. Should Drake be detained at some future date upon extradition proceedings, he may then apply for the writ of habeas corpus to test the legality of such detention. (Pen. Code, § 1550.1.) Until that time, there is no detention which Drake can question by means of the writ. Whether Drake is subject to extradition, or whether his constitutional rights would be violated by extradition, are questions not now presented. Habeas corpus does not lie to challenge the validity of an anticipated future action nor to secure declaratory relief in advance thereof. (*Ex parte Rockwell,* 75 F.Supp. 702; *Boyce* v. *United States,* 52 F.Supp. 115, 116.)"

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

---

*A hearing was granted by the Supreme Court on September 10, 1958. The final opinion of that court is reported in 51 C.2d 777 [336 P.2d 937].