**Jack V. K. RAGAN, Petitioner,**

v.

**Paul J. MADIGAN, Warden, United States Penitentiary, Alcatraz, California, Respondent.**

Civ. No. 39576.

United States District Court
N. D. California, S. D.

May 1, 1961.

Lawrence F. Salisbury, San Francisco, Cal., for plaintiff.

Laurence E. Dayton, U. S. Atty., Charles W. Getchell, Jr., Asst. U. S. Atty., San Francisco, Cal., for respondent.

CARTER, District Judge.

Jack V. K. Ragan, hereinafter referred to as petitioner, is a federal prisoner incarcerated in the United States Penitentiary at Alcatraz, California. Petitioner filed an application for declaratory relief pursuant to Title 28 U.S.C. § 2201 and § 2202, and, incidental thereto, petitioner moved to proceed in forma pauperis which this Court allowed. Counsel was appointed to assist petitioner in this matter. The United States Attorney on behalf of respondent, Paul J. Madigan, Warden, has made a motion to dismiss this action on the theory that governmental immunity shields Madigan from such a suit as this unless the Government consents to be sued, which it has not done.

Petitioner seeks a judicial determination of various questions having to do with his correct release date, his accumulation and forfeiture of good time, and the administration of good time computation by the Institutional Good Time Board. He claims to have exhausted his administrative remedies by seeking relief through the Secretary of the Air Force and the Bureau of Prisons.

In respect to governmental immunity, the court in Oyler v. McKay, 10 Cir., 1955, 227 F.2d 604, 606 stated:

" * * * the two types of cases in which an action may be maintained against Government officers are where the officer is acting beyond his delegated power and when the statutes or order conferring power upon the officer to act is unconstitutional or invalid. The test is whether by obtaining relief against the officer, relief will not, in effect, be obtained against the sovereign."

And in State of Arizona ex rel. Arizona State Board of Public Welfare v. Hobby, 94 U.S.App.D.C. 170, 1954, 221 F.2d 498, 500, the Court said:

" * * * Erroneous action taken in the exercise of an admittedly validly delegated power is 'inescapably the action of the United States and the effort to enjoin it must fail as an effort to enjoin the United States.' "

In Updegraff v. Talbott, 4 Cir., 1955, 221 F.2d 342, 345 the court said:

" * * * What was sought was a court order controlling executive officers of the government with respect to the exercise of powers vested in them by statute. An action asking such relief is a suit against the

government which cannot be maintained because the government has not consented to be sued in the courts with respect thereto * * * "

■■ The control and management of federal penal and correctional institutions is vested in the Attorney General. Title 18 U.S.C. § 4001. The Attorney General cannot be sued without his consent. Stenerman v. Brownell, 9 Cir., 1953, 204 F.2d 336. Paul Madigan, as Warden at Alcatraz, is an agent of the Attorney General and is shielded by the same immunity and cannot, therefore, be sued without consent, unless Madigan's actions have taken him outside the sphere of governmental immunity, or some specific statute authorizes such suit.

■■ The acts of which petitioner complains are clearly within the scope of prison administration. The Declaratory Judgment Act does not grant any consent of the United States to be sued. Brownell v. Ketcham Wire & Mfg. Co., 9 Cir., 1954, 211 F.2d 121; Anderson v. United States, 5 Cir., 1956, 229 F.2d 675. Furthermore, the Declaratory Judgment Act does not enlarge the jurisdiction of the district court, but merely adds an additional remedy where the district court already has jurisdiction to entertain the suit. Wells v. United States, 9 Cir., 1960, 280 F.2d 275. It follows that the doctrine of governmental immunity urged by the United States Attorney is well taken.

■ A second or alternative ground for dismissal brings into focus the discretionary nature of declaratory relief and the fact that a court may in its discretion deny an application for declaratory relief. Fletes-Mora v. Brownell, 9 Cir., 1955, 231 F.2d 579. On this point the Supreme Court stated in Kerotest Mfg. Co. v. C-O-Two Co., 1952, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 that:

"The Federal Declaratory Judgments Act, facilitating as it does the initiation of litigation by different parties to many-sided transactions, has created complicated problems for coordinate courts. Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems. The factors relevant to wise administration here are equitable in nature. Necessarily, an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts."

Petitioner is asking this Court to sit as a reviewing court of internal prison administration. The court in Powell v. Hunter, 10 Cir., 1949, 172 F.2d 330, 331 states:

" * * * The prison system is under the administration of the Attorney General, * * * and not of the district courts. The court has no power to interfere with the conduct of the prison or its discipline."

In Peretz v. Humphrey, D.C.M.D.Penn. 1949, 86 F.Supp. 706, 707 the court stated:

" * * * nor is it within the province of the courts to superintend the treatment of prisoners in penitentiaries, or interfere with the conduct of prisons or their discipline."

See also: Taylor v. United States, 9 Cir., 1950, 179 F.2d 640; Stroud v. Swope, 9 Cir., 1951, 187 F.2d 850, certiorari denied, 342 U.S. 829, 72 S.Ct. 53, 96 L.Ed. 627

Prison administration is clearly an executive function and should be left with the agency charged with that function, and the district courts should not be placed in the position of reviewing every act in furtherance of prison administration.

The records of this Court show that petitioner is not without knowledge of other remedies available to him, and that he is not without the fortitude to use them. At the time of the filing of this petition and after petitioner has literally flooded this Court and other courts with petitions for relief.

Sound judicial discretion resounds against the use of declaratory relief in the action at bar.

This Court is not unmindful of the decision in Hurley v. Reed, D.C.Cir., 288 F.2d 844, which held that the United States Board of Parole is an agency within the meaning of § 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009, and that arguably the Bureau of Prisons falls within this Act as well. However, there are substantial differences between the roles played by these two governmental divisions in the Attorney General's office as well as the mode of appointment of the officers and administrators of the respective divisions. The one common ground is that they are both under the supervision of the Attorney General. If the Administrative Procedure Act confers in the United States Courts any jurisdiction over the Bureau of Prisons, it lies in Washington and not in this Court.

It is ordered that petitioner's action be, and the same is hereby dismissed.